STATE v. BURCH.

1. ASSAULT—TRIAL JUSTICE—JURISDICTION.—A trial justice has no jurisdiction to try a case of assault of a high and aggravated nature, as, *e. g.*, with a pistol. The determination by the trial justice, in the first instance, that he has jurisdiction, cannot control the action of the Circuit Court.

2. IBID.—IBID.—APPEAL.—No appeal lies from the findings of fact by the Circuit Court in a case of this character.

Before NORTON, J., Florence, May, 1894.

Prosecution against J. B. Burch, commenced and tried before a trial justice in March, 1894. The trial justice found that the defendant had been guilty of an assault with a pistol, and sentenced him to pay a fine of $10, or be imprisoned for fifteen days.

*Messrs. Dargan & Coggeshall*, for appellant.

*Mr. R. O. Purdy*, acting solicitor, contra.

January 8, 1895. The opinion of the court was delivered by

MR. JUSTICE GARY. The defendant was tried and convicted before a trial justice under a warrant in which it was alleged that he "did commit a misdemeanor, by assaulting deponent with a drawn pistol, and saying he would shoot him, contrary to the statutes made and provided, and against the peace and dignity of the State, said Burch being at the time under a bond to keep the peace toward M. E. Harrell." The defendant appealed to the Circuit Court, and his honor, Judge Norton, made the following order: "This case having come on to be heard, the attorneys for the defendant, in addition to the grounds of appeal, which had been filed, entered a plea to the jurisdiction of the court, which plea I heard along with the exceptions filed. After carefully considering the whole case, I concur with the trial justice in the conclusions reached by him. It is, therefore, ordered, that the judgment of the trial justice be sustained, the appeal dismissed, the exceptions, together with the plea to the jurisdiction, which, under section 824, General

Statutes of 1882, is controlled by the discretion of the trial justice, be overruled, and that the case be remanded to the trial justice court, for the purpose of carrying into effect the judgment rendered.''

The defendant appeals to this court on the following exceptions: 1. Because his honor erred in holding that the jurisdiction of the trial justice court in regard to assaults and batteries is controlled by the discretion of the trial justice, it being respectfully submitted that trial justices have no jurisdiction in aggravated assaults, and that in this case the trial justice was without jurisdiction. 2. Because, from the testimony in the case, when considered in connection with the affidavit of J. R. Coggeshall, it is not clear that the trial justice intended to find as matter of fact, that the defendant cocked and presented his pistol within shooting distance at the prosecutor. 3. Because, admitting that the said assault was committed, it appears from the undisputed testimony in the case that the prosecutor was an intruder upon the lands, upon which he had been forbidden to enter, and it does not appear that the defendant, in compelling him to leave the same, was employing more force than was necessary.

Section 824 of the General Statutes (1882), referred to by the presiding judge (which is in reference to trial justices), is as follows: "They may punish by fine not exceeding one hundred dollars, or imprisonment in the jail or house of correction not exceeding thirty days, all assaults and batteries; and other breach of the peace, when the offence is not of a high and aggravated nature, requiring in their judgment greater punishment.''

To show that the determination by the trial justice as to what cases are or are not within his jurisdiction, is not binding on the Circuit Court, it is only necessary to quote from the case of *State* v. *McKettrick*, 14 S. C, 354–5, so much of the opinion of the court as bears upon this question, as follows: "It is true, that the act of 1870, defining the jurisdiction of a trial justice in criminal cases in reference to assault and batteries, leaves it to the discretion of the trial justice in the first instance, when a party is brought before him, to determine whether he will

take jurisdiction or bind the accused over; but the act certainly never intended that his judgment in this matter should be final, and that he should have the power to fix indisputably the character of the offence, when it came before the higher court. The offence in the higher court consists of two ingredients: first, that it should be an assault and battery; second, that it should be of a high and aggravated nature. If the trial justice's judgment, as to the last ingredient, when he sends the case up, is conclusive, then this strange result would follow: that of the two ingredients which make up the offence before the Court of Sessions, the trial justice has already tried one without jury and without opportunity to the accused to defend, and the jury in the Court of Sessions is to try the other, and which, perhaps, is the least important—two tribunals adjudicating different ingredients of the same offence. Such could not have been the intent of the act of 1870.'' This doctrine is also sustained by the case of *Harvey* v. *Huggins*, 2 Bail., 252. This exception is, therefore, sustained.

The second and third exceptions only involve questions of fact, which this court cannot consider. These exceptions are overruled.

It is the judgment of this court, that the order appealed from be reversed, and that the case be remanded to the Court of General Sessions for Florence County, for such further proceedings as may be necessary to carry out the views herein announced.