WILSON v. OHIO RIVER AND CHARLESTON RY. CO.

1. PRACTICE—CIRCUIT JUDGE—WITNESS.—The practice of a Circuit Judge not leaving the examination of witnesses wholly to the attorneys not commended, but held legal.
2. CHARGE—IBID.—The reasons assigned by a Circuit Judge for asking a witness questions is not a part of his charge, and did not here convey to the jury his impressions of the testimony, nor was it prejudicial to appellant.

Before BENET, J., York, November, 1897.    Affirmed.

Action by P. W. Wilson, a section master, *v.* Ohio River and Charleston Railway Company, for damages for negligently crushing his foot between flat cars loaded with dirt. From judgment for plaintiff, defendant appeals.

*Messrs. N. W. Hardin* and *Geo. W. S. Hart*, for appellant. The former cites: *Interrogation of witness by Judge:* 33 S. C., 107; 7 S. C., 240; 45 S. C., 265; 53 Ga., 165; 27 Cal., 319; 77 Ill., 379; 51 Mich., 179; 54 Ala., 265; 19 Nev., 523; 49 S. C., 496; 51 S. C., 453.

*Messrs. Finley & Brice*, contra, cite: *Trial Judge may interrogate witness:* 33 S. C., 107; 30 L. R. A., 730; 54 Ind., 337; 59 Ala., 8.

July 4, 1898.    The opinion of the Court was delivered by

MR. JUSTICE GARY.    This case arose under the Constitution of 1895. The appellant's exceptions are as follows: "1. For that it is respectfully submitted his Honor, the Circuit Judge, erred at the trial in this: That when the plaintiff, P. B. Wilson, was upon the witness stand, his Honor interrogated the plaintiff, and the plaintiff answered as follows, to wit: 'The Court: Before you go down, Mr. Wilson, let me ask you a few questions. You say the car was loaded with dirt? A. Yes, sir. Q. Now, suppose you had got up and no accident had occurred, where were you going to stand on the car; where were you going when you got

up? A. Well, sir, just a piece from the end of the car. I hardly ever stood close to the end of the car when the train was running. Q. Were you going to sit on the edge of the flat car, or where? A. I was going to sit up on top of the dirt. Q. Was there or not, Mr. Wilson, any other place for you to stand? A. Only on the dirt? Q. Yes. A. No, sir.' The appellant charges that it was error upon the part of the trial Judge not to leave the examination of the witness solely to the attorneys of the parties. 2. For that it is respectfully submitted his Honor, the Circuit Judge, erred at the trial in this: That when T. S. R. Ward, a witness for the plaintiff, was upon the witness stand, his Honor interrogated the witness, and the witness answered as follows, to wit: 'By the Court: Doctor, I wish to ask you a few questions. You have been asked a good many questions about the healing of the foot, the extent of the injury. Of course, we understand that even if the foot is cut off, the stump will heal. The questions, to my mind, hardly conveyed a clear enough idea. A. Yes, sir, I hardly think so. Q. I wish to ask your opinion, as a doctor, if the foot heals up so as to be no longer any sores about it, or any sloughing, or any pain, that all the injuries are healed, would the foot then be as good as it was before? A. No, sir, it will never. Q. What, in your opinion, will be the condition of the foot after thorough healing? A. Well, sir, I think it will be tender, and that long ligament under the foot will never form and support that foot. Q. What would be the difference between the capacity of a working man having such a foot, after such injury, after the healing process is ended; what would be his ability, comparatively speaking, as to walking about and working? A. Well, sir, I don't think he will ever be able to walk about and work much. I think he will be able to walk some, but I don't think he will ever be able to walk about and work on it.' The appellant charges that it was error on the part of the trial Judge not to leave the examination of the witness solely to the attorneys of the parties; and further, error for the trial Judge to

say to the witness, in the presence of the jury, 'The questions, to my mind, hardly conveyed a clear enough idea,' and then to propound to the witness the questions that were propounded."

The first question raised by the exceptions is whether there was error on the part of his Honor, the Circuit Judge, in not leaving the examination of the witnesses solely to the attorneys of the parties. In the case of the *State* v. *Atkinson*, 33 S. C., 167, Mr. Chief Justice McIver, in delivering the opinion of the Court, says: "The sixth, eighth, and fourteenth grounds seem to impute error to the Circuit Judge, not in intimating his opinion to the jury in his charge, but in taking the cross-examination of several of the witnesses out of the hands of the solicitor, and conducting it himself in such a way as to prejudice the defendant, as it is alleged. While such a course on the part of a Circuit Judge is, perhaps, unusual, and possibly not to be commended, we know of no law which forbids it, and, therefore, we cannot say that there was any error of law in this respect; and to that we are confined in cases of this kind." The case of *State* v. *Atkinson*, *supra*, arose under the Constitution of 1868, in which, by sec. 26 of art. IV., it is provided that "Judges shall not charge juries in respect to matters of fact, but may state the testimony and declare the law." It is contended that while this right might have been exercised by the presiding Judge under the Constitution of 1868, it cannot be exercised under the Constitution of 1895, but that it is in violation of sec. 26, art. V., of the last mentioned Constitution, which is as follows: "Judges shall not charge juries in respect to matters of fact, but shall declare the law." While the foregoing sections are materially different as to the powers of a Circuit Judge in *charging* the jury, there are no changes as to his powers in the conduct of the trial of the case, which, of necessity, must be left, in a large measure, to the discretion of the Circuit Judge. The exercise of this discretion is not the subject of appeal, unless it has been abused, which is

# 540          PUTNEY v. McDow.

not alleged in this case; but, as a matter of justice to the Circuit Judge, even if it had been alleged, this Court is unable to discover any facts that would warrant such allegation. The exceptions raising this question are, therefore, overruled.

The next question presented by the exceptions is whether it was error for the trial Judge to say to the witness, in the presence of the jury: "The questions, to my mind, hardly conveyed a clear enough idea," when he propounded questions to the witness. It will be observed that the exception complaining of this alleged error, fails to state wherein the remark of the Circuit Judge was objectionable; but waiving this objection, it cannot be sustained, as it was merely the statement of the reason why the presiding Judge propounded questions to the witness. He did not say to the jury what impression the testimony had made upon his mind, but simply stated what idea the *questions* conveyed as to their sufficiency for eliciting the truth. The Circuit Judge had the right to propound questions to the witness, and his reasons for exercising this right were in no respect prejudicial to the appellant. The exception raising this question is overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.