## ZIMMERMAN v. SOUTHERN RAILWAY.

1. RAILROADS—NEGLIGENCE.—Magistrate properly considered fact of light near railroad track, with other circumstances, sufficient to warn employees that there was reason to stop the train.
2. MAGISTRATE.—ON APPEAL from Circuit decree made on appeal from magistrate court, this Court cannot consider questions of fact.
3. PRESUMPTION is in favor of magistrate having done his duty.
4. CIRCUIT JUDGE—MAGISTRATE.—ON APPEAL here from magistrate, Circuit Judge reached his own conclusions from testimony.

Before ALDRICH, J., Spartanburg, May, 1900.   Affirmed.

Action by M. L. Zimmerman against Southern Railway Co., for damages for negligently killing a cow.   From Circuit order sustaining judgment of magistrate, defendant appeals.

*Messrs. Duncan & Sanders,* for appellant, cite: *Light on railroad track not sufficient to warn employees of reason for stopping train:* 57 S. C., 252.   *Stock law being in force, engineer had right to presume cattle would be confined:* 29 S. C., 160.   *As to duties of Circuit Judge on appeal from magistrate:* Code, 368; 35 S. C., 570.

*Mr. S. T. McCravy,* contra.

February 25, 1901.   The opinion of the Court was delivered by

MR. JUSTICE GARY.   The appeal in this case is from an order of the Circuit Court, which is as follows: "This action came before this Court upon a judgment from the court of magistrate.   The judgment was in favor of plaintiff and against defendant for $50, the alleged value of a cow alleged to have been killed by defendant.   It is alleged

that the killing of said cow was the result of the negligence of the defendant. The exceptions are numerous. Several raise the issue that it was error on the part of the magistrate in holding that the cow was worth $50. This is a question of fact. The fact that the cow was dry was in evidence, and I presume that the magistrate considered it. There is no positive testimony that the cow, as stated in the exceptions, was injured by falling into a trestle, and had necessarily been injured thereby. The evidence does not show that the falling of the cow into the trestle actually injured her, nor that it necessarily injured her. These exceptions cannot be sustained. The other exceptions refer to the question of negligence. The testimony shows that there was a light and persons at the point where the cow was upon the track, and that the road from the depot to the place of injury was straight; and that one of the persons with the cow ran thirty-five or forty steps towards the engine, and approached trying to stop the train. I think that it is the duty of the engineer for the safety of his engine and train to keep a proper lookout upon the railroad track; and if an engineer at night sees an unusual light upon the track, at one particular point, and remaining there, as the facts in this case disclose, it should put him upon guard, and that he should use reasonable care in approaching said spot. The evidence here goes further, and shows that the parties at the spot where the cow was killed, did try to notify the engineer, that the party, in part, went to meet the train, trying to stop it. Under all the testimony, I think that the judgment appealed from is supported by the testimony.

"Wherefore, it is ordered, that the appeal herein be, and is hereby, dismissed, and the judgment of the magistrate's court is affirmed."

The defendant appealed upon the exceptions assigning the following as errors on the part of his Honor, the Circuit Judge:

"1st. In finding that the cow at the time she was struck by the engine of the defendant was worth $50, thereby ig-

noring the facts as testified to : 1st. That she was then a dry cow; and 2d. That she had fallen into a trestle, and must have been injured thereby.

"2d. Because in rendering judgment against the defendant for $50, his Honor affirmed the judgment of the magistrate, because, as he says, 'this is a question of fact' and 'I presume that the magistrate considered it.'    Meaning that his Honor presumed the magistrate had considered the fact that the cow was at the time a 'dry cow,' and because it was a question of fact wihch his Honor presumed had been considered by the magistrate, he affirmed the judgment of the magistrate.   Whereas, it is respectfully submitted, his Honor should have considered the evidence himself, and from it reached his own conclusions, and not to have affirmed the judgment of the magistrate simply because he presumed that the magistrate had considered this fact.

"3d. Because it was error for his Honor not to have reached his own conclusions from the evidence independent of any findings of fact by the magistrate.

"4th. Because his Honor erred in holding, that because the magistrate had decided a question of fact, to wit : the value of the cow, and because he presumed the magistrate considered the fact that she was then a 'dry cow,' the exceptions of the defendant in reference to this fact could not be considered.   Whereas, it is respectfully submitted, he should have reached his own conclusions independent of the judgment of the magistrate, and should have determined for himself whether or not the judgment of the magistrate was sustained by the preponderance of the evidence, and not to have determined this question, simply because the magistrate had so decided.

"5th. Because, under the law, a Circuit Judge should hear and determine all questions of fact, as well as of law, which may arise on appeals from magistrate's courts, and should decide questions of fact by the preponderance of the evidence, and not affirm the judgment of the magistrate on a

question of fact, simply because it was a question of fact which his Honor presumed the magistrate had considered.

"6th. Because his Honor should have determined for himself what the value of the cow was, and should have been controlled by the preponderance of the evidence, and not because it was a question of fact, and because he presumed that the magistrate had considered the evidence of the cow being at the time 'dry.'

"7th. Because his Honor erred in holding that it was the duty of the engineer, because a light was on the track, which could be seen from the depot at Spartanburg, to so have his engine and train under control, so as to stop his train and engine at the spot where the light was.

"8th. Because the magistrate, in rendering judgment against the defendant, based his conclusions upon the fact that there was a light at the place where the cow was, which could have been seen in time for the train to stop. And his Honor, in affirming the judgment of the magistrate, based his conclusions on the same fact. Whereas, it is respectfully submitted, there is no duty devolving upon a railroad company to stop one of its trains or to slacken its speed, simply because a light is seen on its track; and it was error for his Honor not to have so held.

"9th. Because the evidence of the witness for the plaintiff was undisputed, that no attempt was made to flag the train of the defendant or to give any signal or notice to it, until it was very close to where the cow was, so close that it was impossible for the train to stop, and his Honor erred in not sustaining the defendant's fourth exception to the judgment of the magistrate.

"10th. Because his Honor erred in not holding that it was not negligence in the employees of this train to run and manage the train on this occasion as they did, unless they had been signalled to stop or slacken speed.

"11th. Because his Honor erred in not holding that the mere fact of a light being on the track, with persons at it, was not of itself sufficient notice to the employees of the

defendant of the fact that the cow was there, or that there was anything which would require them to stop or slacken speed.

"12th. Because his Honor erred in holding that there was an unusual light seen at this point where the cow was killed, it being respectfully submitted, that there was no evidence at all as to what was the kind or character of the light.

"13th. Because his Honor erred in not maintaining the defendant's fifth and sixth exceptions to the magistrate's judgment.

"14th. Because, as the undisputed evidence showed that the cow was at a point where it was not to be expected, his Honor should have held that they were not expected to regard the mere fact of a light on the track notice of danger, and that it was, therefore, not negligence to run and manage the train in the usual way, instead of holding that as the light could have been seen from the depot, it was negligence to strike and kill the cow in the way it was done.

"15th. Because his Honor erred in not holding that the employees of the company made every reasonable effort to stop the train after they became aware of the obstruction on the track.

"16th. Because his Honor erred in not holding that the train was reasonably and prudently equipped with headlight and brakes, and that due care and caution, such as men of ordinary care and prudence under the same circumstances would have exercised, was exercised.

"17th. Because the mere fact of a light being seen on a railroad track in the limits of a city, is not sufficient notice to the employees of a railroad train on a down grade, that something is wrong there, when there is no effort made to signal the train, so as to require any unusual watch or care to be used by such employees in approaching such light, and his Honor erred in holding that under the facts of this case the employees of the defendant company were negligent."

The appellant's attorneys, at the hearing before this Court, argued the question presented by the exceptions under two

general heads.  In considering the exceptions, the Court will adopt the classification of the questions made and argued by said attorney, the first of which is as follows: "The fact that a light is seen upon the track of a railroad company at night is not of itself sufficient to warn the employees that there is any reason for them to stop the train."  By reference to the order of the Circuit Court, hereinbefore set out, it will be seen that the Circuit Judge did not intend to hold as a proposition of law that, "the fact that a light is seen upon the track of a railroad company is itself sufficient to warn the employees that there is any reason to stop the train."  The fact that there was a light, was considered in connection with the other facts in the case, in reaching the conclusion that the defendant was guilty of negligence.  Furthermore, the exceptions upon this question only relate to questions of fact which cannot be considered by this Court.

The second of said classifications is as follows: "We submit further that his Honor, in considering the value of the cow, did not reach his own conclusion, but gave undue weight to the judgment of the magistrate."  The first exception to the judgment of the magistrate assigned error as follows: "In finding that the value of the cow, at the time she was struck and killed by the engine of the defendant, was $50, thereby ignoring the facts: 1st. That she was at that time a dry cow * * *" In disposing of this exception his Honor, the Circuit Judge, says: "The fact that the cow was dry was in evidence, and I presume that the magistrate considered it."  The Circuit Judge had the right to presume that the magistrate, as a public officer, promptly discharged his duty, and considered all the evidence in the case.  "*Omnia presumuntur rite esse acta.*"  But apart from this, it does not appear that the Circuit Judge merely adopted the finding of fact by the magistrate.  It appears, on the contrary, that he reached his own conclusion from the testimony.

All other questions raised by the exceptions relate

2   to findings of fact, and cannot be considered by this
    Court.

The judgment of the Circuit Court is affirmed.