### STATE v. LEAK.

1. CONTRACT—FARM LABORER—LAND OWNER.—A contract between a land owner, his agent, or executor or administrator of a person owning land, and a farm laborer must set forth conditions of contract, length of time laborer agrees to work, amount to be paid and when; but it is not necessary that it should appear on the face of the contract that the employer was a land owner, but it is necessarily implied from this contract that the employer had a farm.

2. APPEAL.—THIS COURT cannot consider on appeal from magistrate court a question turning on a question of fact.

Before GAGE, J., Laurens, March 2, 1901.    Affirmed.

Indictment in magistrate court against Vandor Leak. From order of Sessions Court affirming magistrate judgment, defendant appeals.

*Messrs. Simpson & Cooper,* for appellant, cite: Crim. Code., 288; 32 S. C., 126.

. *Solicitor T. S. Sease,* contra.

February 12, 1902. The opinion of the Court was delivered by

MR. CHIEF JUSTICE MCIVER. This is a prosecution, originally instituted in a magistrate's court, under sec. 288 of the Criminal Statutes, for a violation of a contract on the part of the defendant to serve the prosecutor, one John H. Young, as a farm laborer. Upon the trial before the magistrate, the defendant was convicted and sentenced "to pay a fine of fifteen dollars or be imprisoned on the county chain-gang for a period of twenty-five days." From this sentence the defendant appealed to the Court of General Sessions, upon the several grounds set out in the "Case," where the judgment of the magistrate was confirmed and made the judgment of the said Court. From that judgment the defendant appealed to this Court upon the several grounds set out in the record, which need not be set out here, as the counsel for the appellant, in their argument here, say that these exceptions raise but two questions, which are stated as follows: "1st. Does the written contract in this case comply with sec. 288 of the Criminal Statutes of 1893? 2d. Can the defendant be held criminally liable for the violation of this contract, the cause of the violation being the performance of a previous contract?"

These questions we propose to consider in their order. The contention of the appellant as to the first question is, that the contract alleged to have been violated is not in the form required by the statute, in that it fails to show on its face that the person with whom the contract purports to have been made was a land owner, or the agent, executor or administrator of any person owning land. The contract was received in evidence, after the proof of its execution, against the objection of defendant, based upon

the ground that it does not show on its face that the said
John H. Young was either a land owner or the agent,
administrator or executor of a land owner, and, omitting the
formal parts, reads as follows: "Articles of agreement en-
tered into this day [19th February, 1900], between John
H. Young, firm [which is doubtless a misprint of the word
'farmer'], of the first part, and Vandor Leak, of the second
part, laborer, witnesseth: the party of the second part
agrees to work for the party of the first part, under his
exclusive direction, from September 1st, 1900, to November
15th, 1900, as a farm laborer, and to obey all orders from the
party of the first part. And the party of the first part, in
consideration of the labor and services required of the party
of the second part for two and one-half months of the year
1900, as aforesaid, agrees to pay the party of the second
part, on the 15th day of November, 1900, fifteen dollars for
said labor." The statute under which the prosecution was
instituted reads as follows: "All contracts made between
owners of land, their agents, administrators or executors,
and laborers, shall be witnessed by one or more disinterested
witnesses, and at the request of either party be duly executed
before a trial justice [now a magistrate], whose duty it shall
be to read and explain the same to the parties. Such con-
tracts shall clearly set forth the conditions upon which the
laborer or laborers engage to work, embracing the length
of time, the amount of money to be paid, and when, if it be
on shares of crops, what portion or portions thereof."
From this language it is very obvious that all that the statute
requires to be set forth in the contract is, the conditions upon ·
·which the laborer engages to work, embracing the length of
time, the amount of money to be paid, and when; and the
language of the contract copied above clearly sets forth all
this. There is nothing in the statute which requires that
the fact that the person for whom the laborer contracts to
work is a land owner shall be set forth in the contract; and
even if there was, the contract in question sufficiently sets
forth that fact by necessary implication; for it does set forth

that the defendant agreed to work for his employer, *"as a farm laborer,"* and this necessarily implies that the employer had a farm upon which the defendant had to work for the employer as a laborer. So that even if we are mistaken in assuming that the word "firm" found in the contract is a misprint for the word "farmer," there is still enough in the contract to show that the employer had a farm upon which the defendant agreed to work for the prosecutor—especially in a case before a magistrate, where the same strictness of pleading is not required as in the Court of General Sessions. If it should be said that the fact that a person is engaged in farming upon a given piece of land does not necessarily imply that he is the "owner" of such land, as he may be farming upon leased lands, the answer is that, while it is true that in such a case, such a person cannot properly be assumed to be the *absolute* owner of the land, yet he is the owner of the land for the time being, in the sense of that word as used in the statute. The exceptions raising the first question must, therefore, be overruled.

The point raised in the second question, turning upon questions of fact of which this Court has no jurisdiction, cannot be sustained. The exceptions raising the second question must likewise be overruled.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.

MR. JUSTICE POPE *dissents.*