7492

STATE v. ANDERSON.

1. WITNESS.—A TRIAL JUDGE may properly ask questions of a witness which indicate no intimation as to his opinion of the weight of the evidence or of the facts of the case.

2. CHARGE—HOMICIDE.—In the absence of a plea of justification it is not prejudicial error to charge there is only one form of justifiable homicide.

3. IBID.—SELF-DEFENSE.—Where the law of self-defense would not
have been applicable under the undisputed evidence is it not neces-
sary to charge it.

4. NEW TRIAL.—Evidence which it is not shown could not have been
discovered before the trial by due diligence and which is merely
cumulative would not support a motion for new trial.

5. IBID.—APPEAL.—Decision of trial Court on motions for new trial on
after-discovered evidence in a law case is not reviewable here.

6. A SENTENCE to be hanged· "at the usual place of execution" does not
mean to be publicly executed.

Before PRINCE, J., Laurens, Spring term, 1909. Affirmed.

Indictment against John Henry Anderson for murder.
Defendant appeals from sentence.

*Messrs. H. S. Blackwell and W. R. Richey, Jr.,* for appel-
lant.

*Solicitor R. A. Cooper,* contra.

March 15, 1910.    The opinion of the Court was deliv-
ered by

MR. JUSTICE HYDRICK.    The appellant was convicted of
the murder of Josh Carter, his father-in-law.

The exceptions impute error to the Circuit Judge: 1. In
not leaving the examination of witnesses wholly to the attor-
neys. 2. In charging that the only form of justifiable homi-
cide known to our law is where the sheriff executes a man
pursuant to the mandate of a court of competent jurisdic-
tion. 3. In refusing to charge the law of self-defense. 4.
In refusing a motion for a new trial on the minutes, because
it appeared that defendant was not responsible for his acts.
5. In refusing a motion for a new trial on after-discovered
evidence. 6. In sentencing appellant to be publicly executed.

In the early part of 1908, appellant shot the son of his
employer, and became a fugitive from justice.  His wife,

with her nine children, moved to the home of her father. While evading the officers of the law, appellant occassionally visited his family. For some reason, not fully explained by the testimony, appellant had made some threats against Carter, and the relations between them were not friendly. Hence, on his first visit to his family, after they had moved to the home of Carter, before going into the house, he sent his oldest son in to inquire if he should come in. He was told to come in, and did so. He testified that he asked Carter if he objected to his coming there to see his wife and children, and that Carter told him he was done with him, and had no further use for him. After that, he did not go into the house, but would call his wife and children out and see them. On one of these visits, according to his testimony, Carter became enraged at him, and shot at him with a gun, and he returned the fire with his pistol.

Some time in the spring he made arrangements to move his family to another place, and sent wagons for them, but they did not go. His wife testified that she did not go because he was "scouting," and could not take care of them, and because she and her children had been living off her father, and he had planted a larger crop than he would otherwise have planted, expecting them to help him cultivate it. The defendant thought Carter kept his family from moving.

In the late summer, two of his children died of fever—about a week apart. On the day the last to die was buried, he was in the church, whence the burial took place, and as Carter was entering the church, defendant passed him at the door, and without saying a word, and without a word having been said to him by Carter, or any demonstration against him having been made, he drew a pistol and shot Carter in the back, inflicting a mortal wound. And, according to the testimony of all the witnesses, except his own, he tried to shoot Carter's wife, his mother-in-law, snapping his pistol at her several times. When asked why he shot

Carter, he replied: "Because he didn't give up my family, and kept them in that hobble against me, and I had notified him if he did not put them out, I would shoot him if I met him. He told me to do it now, and be done with it."

In support of the first ground, appellant relies upon the cases of the *State* v. *Atkinson,* 33 S. C., 100, 11 S. E., 693, and *Wilson* v. *Ry.,* 52 S. C., 537, 30 S. E., 406.

In the former, the report of the case shows that the trial Judge practically took the cross-examination of some of the witnesses away from the solicitor, and showed clearly, by the questions he asked, his opinion as to the weight to be given to the testimony. In passing upon an exception upon that ground, the Court said: "While such a course on the part of the Circuit Judge is, perhaps, unusual, and possibly not to be commended, we know of no law which forbids it, and, therefore, we cannot say that there was any error of law in this respect; and to that we are confined in cases of this kind."

In the case of *Wilson* v. *Ry.,* the trial Judge asked one of the witnesses several questions, which, however, gave no intimation of his opinion as to the weight to be given the testimony, or as to the facts of the case, and, in response to an exception imputing error to the trial Judge in not leaving the examination of witnesses *solely* to the attorneys, the Court, after quoting the above language from Atkinson's case, and pointing out the fact that his case was tried under the Constitution of 1868, which provided that "judges shall not charge juries in respect to matters of fact, but may state the testimony and declare the law," and that the case then under consideration was tried under the Constitution of 1895, which provides that "judges shall not charge juries in respect to matters of fact, but shall declare the law," said: "While the foregoing sections are materially different as to the powers of a Circuit Judge in *charging* the jury, there are no changes as to his powers in the conduct of the trial of the case, which, of necessity, must be left in a large measure

to the discretion of the Circuit Judge. The exercise of this discretion is not the subject of appeal, unless it has been abused, which is not alleged in this case; but, as a matter of justice to the Circuit Judge, even if it had been alleged, this Court is unable to discover any facts that would warrant such allegation." See, also, *State* v. *Driggers*, 84 S. C., 526.

A grave responsibility rests upon a trial Judge. It is his duty to see to it that justice be done in every case, if it can be done according to law; and if he thinks that the attorney for either party, either from inadvertence or any other cause, has failed to ask the witnesses the questions necessary and proper to bring out all the testimony, which tends to ascertain the truth of the matter under investigation, we can see no legal objection to his propounding such questions; but, of course, he should do so in a fair and impartial manner, and should not by the form or manner of his questions, express or indicate to the jury his opinion as to the facts of the case, or as to the weight or sufficiency of the evidence.

The questions asked by the trial Judge in this case brought out testimony as favorable to the defendant as to the prosecution, and no intimation can be gathered from the form or manner of them as to his opinion of the facts, or of the weight or sufficiency of the evidence.

As no plea of justification was interposed by defendant, the alleged error of charging that there is only one form of justifiable homicide known to our law, could not have been prejudicial.

Under the undisputed evidence, a charge upon the law of self-defense would have been inapplicable to the case.

There was no testimony tending to show that appellant was not legally responsible for the crime committed.

The motion for a new trial for after-discovered evidence was properly refused. It was not supported by affidavit that

the evidence could not, by the exercise of due diligence, have been secured in time for the trial, and according to the statements of appellant's attorneys to the Court as to the character of the alleged newly discovered evidence, it was merely culmative. But, aside from this, the decision of the Circuit Court on motions for new trials on after-discovered evidence, in a law case, cannot be reviewed by this Court, except for errors of law.

The appellant was not sentenced "to be publicly executed." The sentence was that he be hanged "at the usual place of execution," which is fixed by statute within the county jail, or the enclosure thereof. Crim. Code, sec. 660.

The judgment of this Court is that the judgment of the Circuit Court be affirmed, and that the case be remanded to that Court for the purpose of having a new day assigned for the execution of the sentence heretofore imposed upon the defendant.