8908

STATE v. WINTER.

(82 S. E. 419.)

CRIMINAL LAW. GIVING CHEQUES WITH FUNDS.

Giving a cheque prior to the date that it bears, it bearing a subsequent date as the time at which it should be payable, has only the effect of a promise to pay at such future time, and the giving of such cheque at a time when the drawer has no funds to meet it, is not a violation of Crim. Code, sec. 208, making it a misdemeanor to draw

a cheque when the drawer has no funds on deposit to meet it. In a prosecution for drawing and uttering a cheque without funds in bank to meet same, evidence that the cheque was antedated was admissible.

Before MEMMINGER, J.; Columbia, September, 1913. Reversed.

The defendant, E. Winter, being convicted for a violation of Criminal Code, sec. 208, appeals. The facts are stated in the opinion.

*Mr. D. W. Robinson,* for appellant, submits: *Ordinarily a promise to pay at a future event is not a criminal fraud:* 2 Bishop Crim. Law (5th ed.) 419, 420; 32 S. E. 318; 124 N. C. 796; 37 S. E. 268; 127 N. C. 553. *A postdated cheque no more than promise to pay:* 73 N. Y. 80; 86 N. E. 993; 41 L. R. A. (N. S.) 173, 174, note. *It is only an inland bill of exchange:* 1 Morse Banks & Banking (4th ed.), sec. 381*a*, pp. 673, 674. *The statute will not be construed to create imprisonment for a mere debt:* 79 S. C. 14; 21 L. R. A. (N. S.) 243, 244; 153 Fed. 986; 38 Fed. 144, 145; 52 S. E. 74; 2 L. R. A. (N. S.) 1010; 37 S. E. 268; 63 S. E. 949; 143 N. C. 620; 56 S. E. 918. *Parol evidence as to time it was given, and postdating, admissible:* 11 Rich. Eq. 582; 68 S. C. 109, 110; 39 S. C. 366; Jones on Ev., sec. 435.

*Mr. Solicitor Cobb* for the respondent.

July 18, 1914.
The opinion of the Court was delivered by MR. JUSTICE WATTS.

The defendant was indicted and tried before his Honor, Judge Memminger, under section 208 of the Criminal Code, for drawing and uttering a check for $30.25, upon a bank,

without sufficient funds to meet the same. He was convicted by the jury and sentence imposed.

Defendant appeals and by fourteen exceptions questions the correctness of his Honor's ruling. · The ninth exception complains of error in refusing the defendant's first request to charge, which is as follows: "If the check in question in this case was given prior to the date it bears, and it was dated at a subsequent date as a time upon which it was to have been paid, it has only the effect of a promise to pay, at a future time, and is not within the statute making it a misdemeanor to draw a check when the drawer has no funds to meet it." This was a correct proposition of law applicable to the case and should have been charged. The defendant had the right to show that the check was given at a different time from that at which goods were purchased and obtained, and it was competent for the defendant to show by evidence other than the check itself that it was not correctly dated. If goods were obtained at one time, and check given subsequently that would not be a misdemeanor, but a simple promise to pay. If check was dated ahead, and it was expressly stated at the time it was passed that the drawer had no funds in the bank, such check would only mean a promise on the part of the drawer to do a future act and have funds in the bank at the future time stated in the check, and this would be no more than an obligation to pay in the future, and the check would only be an evidence of debt. His Honor was in error in interpreting the statute as he did in the charge to the jury, and in refusing to allow the defendant to show by the prosecuting witness that the check was dated ahead, and to show that the prosecuting witness had admitted that the check was dated ahead at the time it was given, and the exceptions raising these questions are sustained. Judgment reversed. New trial granted.