12040

## BROWN v. MISSOURI STATE LIFE INSURANCE CO.

### (134 S. E., 224)

1. COURTS.—Affirmance of Magistrate's judgment, supported by evidence, is not error.

2. APPEAL AND ERROR.—Finding of Circuit Court on appeal from Magistrate Court, supported by evidence, is final.

3. INSURANCE—"TOTAL DISABILITY," WITHIN ACCIDENT POLICY, MEANS ONLY INABILITY TO DO ACTS NECESSARY TO INSURED'S BUSINESS IN CUSTOMARY MANNER.—"Total disability," within accident insurance policy, does not mean absolute helplessness or loss of reason, but an inability to do substantially all of material acts necessary to prosecution of insured's business or occupation in customary and usual manner.

4. INSURANCE.—Evidence *held* to sustain finding of total disability in action on accident insurance policy.

Before WILSON, J., Barnwell, March, 1926.   Affirmed.

Action by Forest S. Brown against the Missouri State Life Insurance Company.   Judgment of Magistrate's Court for plaintiff was affirmed by the Circuit Court, and defendant appeals.

*Mr. Thom. M. Boulware,* for appellant, cites :. *Party able to follow his trade in substantially his usual manner not entitled to total disability benefit:*   120 S. C., 328; 113 S. E., 141.

*Messrs. Harley & Blatt,* for respondent, cite: *Finding of fact by Magistrate concurred in by Circuit Judge conclusive:*   110 S. C., 129.   *Total and permanent disability clause construed:*   120 S. C., 328; 113 S. E., 141; 106 S. C., 356; 91 S. E., 326; 127 S. E., 140; 125 S. E., 186; 14 A. C. L., 1315.   *Insurance policy capable of two constructions construed in favor of insured:*   30 S. E., 918.   *Insurance policy liberally construed in favor of object to be accomplished:*   115 S. E., 14.

July 22, 1926.

The opinion of the Court was delivered by MR. ACTING JUSTICE RAMAGE.

This is an appeal from the judgment of Judge Wilson, affirming a judgment of the Magistrate's Court, in which plaintiff obtained judgment for $75 against the defendant. At the outset we are met with the question as to the power of this Court. The rule is : This Court cannot consider, on appeal from Magistrate's Court, a question of fact.   *State v. Leak,* 62 S. C., 405; 40 S. E., 774.   *State v. Burch,* 43 S. C., 3; 20 S. E., 758.   *Zimmerman v. Ry.,* 59 S. C., 277; 37 S. E., 834.

> "It is not error to affirm a magistrate judgment where there is any evidence to support it."   *State v. Easterlin,* 61 S. C., 71; 39 S. E., 250.

"Where a finding by the Circuit Court on appeal from Magistrate [Court] is supported by any evidence, it is final." *Saunders v. Ry.*, 90 S. C., 79; 72 S. E., 637. *Munn v. Crow*, 87 S. C., 246; 69 S. E., 229.

Plaintiff's said policy contained the following provision:

"If the said insured shall become totally and permanently disabled before attaining the age of sixty, * * * the total and permanent disability referred to herein may be due either to bodily injuries or disease occurring and originating while this contract is in full force, * * * and must be such as to prevent the insured from engaging in any gainful occupation."

"The rule prevailing in most jurisdictions is that the 'total disability' contemplated by an accident insurance policy does not mean, as its literal construction would require, a state of absolute helplessness which can result only from loss of reason, since, as long as one is in full possession of his mental faculties, he is capable of transacting some part of his business, whatever it may be, although he is incapable of physical action. On the contrary, these Courts, giving consideration to the object of the contract, hold that the 'total disability' contemplated by the agreement is inability to do substantially all of the material acts necessary to the prosecution of the insured's business or occupation, in substantially his customary and usual manner." *Berry v. United Life & Acc. Ins. Co.*, 120 S. C., 328; 113 S. E., 141; note 7, Ann. Cas., 815; 14 R. C. L., 1315 and 1316.

"If the prosecution of the business required the insured to do several acts and perform several kinds of labor, and he is able to do and perform one only, he is as effectually disabled from performing his business as if he were unable to do anything required to be done, and while remaining in that condition he suffers loss of time in the business of his occupation. Nor does the provision contemplate absolute

physical disability to transact any kind of business pertaining to one's occupation, but it is sufficient if his injuries are such that common care and prudence require him to desist from transacting any such business in order to effect a cure." 14 R. C. L., 1316.

The test laid down in *Taylor v. Ins. Co.* 106 S. C., 356; 91 S. E.; 326, L. R. A., 1917-C, 910, is:

"He is deemed totally disabled when he is no longer able to do his accustomed task, and such work as he has only been trained to do, and upon which he must depend for a living."

And, further:

"It would be like squaring the circle for a Judge to undertake to say just at what juncture a part became a whole, at what period a disability is enlarged from partial to total."

Let us see whether or not there is "some evidence to support the finding on circuit." *Munn v. Crow,* 87 S. C., 246; 69 S. E., 229.

Dr. Owens testified:

"I treated Brown for chronic malaria in early part of 1924. Some weeks later he returned with a new condition, and I found him suffering from multiple neuritis enveloping mainly his lower limbs. I treated him in hospital for about three weeks, and sent him home with instructions to continue his treatment; has been constantly under my care until the present date. Mr. Brown has been totally disabled all the time during said treatment, and in all probability will remain so until the time of his death. At present from his waist up he is practically normal, but from his waist down he is incapacitated and unless further treatment, diet, rest, and special diet is given most likely since his disease is progressive and degenerated, one of his arms and eyes will become involved. Taking into consideration his present condition, I do not think he ought to do any work, either mental or physical. Any kind of work will prolong and

aggravate his disease, and would in his case be detrimental."

Plaintiff testified:

"Returned to Barnwell March, 1924. Since then I have been totally disabled; not able to do anything; cannot walk safely without a stick. I have been advised by my physician not to try to do anything. That nominally am a bookkeeper, but that in reality Lloyd Vickery and Clyde Vickery kept the books, and that I show them sometimes what is to be done."

Dr. Russel testified that he made on Wednesday of the week of the trial an examination of plaintiff, not knowing anything about the prior history of the case; that plaintiff is totally disabled. That any mental or physical work that he may do to the point of exhaustion or fatigue aggravates his condition. That from his examination he would advise plaintiff to do no mental or physical work whatever. That any work, physical or mental, would further his present physical disability. Chronic multiple neauritis is a chronic inflammation of the nerves, and any occupation, mental or physical, which taxes the brain or nervous system, causes the degeneration of those nerves affected. That his disability is of such a nature as to prevent plaintiff at all times hereafter from engaging in any gainful occupation.

So the exception made by the defendant that the only reasonable inference to be drawn from the testimony that respondent is not totally disabled, as contemplated by the policy of insurance involved herein, cannot, under the law and facts above stated, be sustained. While there is some testimony that does not exactly coincide with the above, and there is a conflict in some parts of the evidence in the case, that was a matter for the Magistrate and Circuit Judge, and we are bound to say that there is some testimony tending to establish plaintiff's case and the judgment below, and as this is a case at law and not in equity, we are bound by the decision of the Circuit Judge.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.

MESSRS. JUSTICES WATTS, COTHRAN, BLEASE and STABLER, concur.

MR. CHIEF JUSTICE GARY did not participate.