13441

STATE v. RECTOR *ET AL.*

(164 S. E., 872)

*Messrs. J. F. Eppes, P. C. Cothran* and *Cole L. Blease,* for appellants.

*Messrs. J. G. Leatherwood* and *C. G. Wyche,* for respondent,

July 1, 1932.

The opinion of the Court was delivered by CIRCUIT JUDGE W. H. TOWNSEND, ACTING ASSOCIATE JUSTICE.

This is an appeal from an order of the Circuit Court in the case of the *State v. Carlos A. Rector et al.*, refusing a motion for a new trial on the ground of newly discovered evidence.

See opinion in case filed December 2, 1931, 166 S. C., 335, 164 S. E., 865.

The order of the Circuit Judge will be reported.

Some of the affidavits on which the motion was based were cumulative; but none were excluded from consideration on that ground. After consideration of all the evidence offered and the rebutting affidavits, the Circuit Judge held: "The showing does not disclose that the evidence proposed as the basis of this motion is of that integrity, evidential or otherwise, that would justify the granting of the motion * * * C. The facts claimed would probably not change the result of the former trial."

The controlling issue was one of fact. What credit or weight should be given to the affidavits on which the motion was based?

In their exceptions appellants contend this should have been left for a jury on a new trial; when in all probability a jury of twelve men, who do not use the same yardstick as lawyers and Judges, would entertain different notions as to the weight and sufficiency of the evidence. More than one inference may be drawn from the evidence. Appellants' contention was repudiated in *State v. Duestoe,* 1 Bay, 380, where it was said: "It was the duty of the Judges," under the then existing Constitution, "to judge, from the necessity of the case, not only of the credibility of the witnesses brought forward in this manner to destroy the verdict of twelve men upon their oath, but to

inquire into and sift such affidavits with an exact and scrupulous attention; and to direct any other examinations which could in any manner develop the truth of the matter; as no other body of men could, at this stage of proceedings, take it under consideration but the Judges." This jurisdiction has now been conferred on the Circuit Court or Judge. The Supreme Court is without jurisdiction to weigh contradictory evidence or to review findings thereon in a law case. *Sams v. Hoover,* 33 S. C., 404, 12 S. E., 8; *State v. Marchbanks,* 61 S. C., 17, 39 S. E., 187; *State v. Anderson,* 85 S. C., 229, 234, 67 S. E., 237, 137 Am. St. Rep., 887; *State v. Jones,* 89 S. C., 49–53, 71 S. E., 291, Ann. Cas., 1912-D, 1298; *State v. Tripp,* 133 S. C., 296, 130 S. E., 888.

The affidavits on which the motion was heard were contradictory; and the reputation of the affiants H. E. Foister, J. H. Black, and Carol Gambrell for truth and veracity were attacked by E. E. Neil, P. E. Newell, J. S. Spencer, M. A. Brown, and W. N. Johnson. The affidavit of A. J. Hopkins as to an expression of opinion by the juror Bramlett was denied by the latter under oath. The affidavits of Mr. and Mrs. W. C. Jones and Dan Tassy as to Baldy Johnson's connection with a pistol was denied by Johnson and E. F. Wood. The statements of C. W. Bangle and E. W. Allen were known to counsel at the time of trial, and counted of little value. The affidavits of Maxie Wardlaw, J. H. Black, and H. E. Foister as to changed statements by Blair Rook were denied by the latter, and circumstantially by W. F. Christopher and C. E. Huff. The affidavit of G. M. Edwards was denied by O. S. Garrett. The affidavit of Carol Gambrell was denied by him as well as by Rook. The affidavit of J. D. Marchbanks was denied by Jim Hawkins, Will Stuckey and George B. King, who also contradict statements of Frank Cox. The affidavit of A. L. Bailey is indefinite, like those of Bangle and Allen of little relevancy. Counsel for appellants said that on this motion the credibility of W. W. Rogers was the test. His good

reputation was vouched for by Solicitors Spigner and Callison, and also by Judges Dorsey and Pomeroy. But Rogers is contradicted on the most material point of his communications to counsel by Solicitor Leatherwood and Judge Smith. His knowledge of the alleged third bullet is inconsistent with the circumstances detailed by W. M. Perry, L. W. Hammond, Walter C. Willis, E. L. Craigo, Reuben Gosnell, and C. R. Bramlett.

As said in *State v. Bradford,* 87 S. C., 549, 70 S. E., 308, "If the statements contained in all of them [the affidavits] had been admitted in evidence at the trial, there would have remained a sharp issue of fact, which might have been decided   *   *   *   according to the view taken by the jury of the credibility of the witnesses. It cannot be said, therefore, that the affidavits must necessarily lead any reasonable mind to the inference that the newly discovered evidence would probably change the result. Nothing short of this would justify the conclusion that the Circuit Court abused its discretion in refusing the motion. This being so, the law does not allow this Court to reverse the decision of the Circuit Court that a new trial should not be granted."

The record shows neither an abuse of discretion, nor error of law on the part of the Circuit Judge.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.

MR. CHIEF JUSTICE BLEASE, and MESSRS. JUSTICES STABLER, CARTER, and BONHAM concur.