16677

STATE v. JENKINS

(72 S. E. (2d) 829)

*Messrs. Thomas A. Wofford,* of Greenville, and *D. K. Thomas,* of Maryville, Tennessee, *for Appellant,*

*Messrs. Hubert E. Nolin, Solicitor,* and *Harry L. Hingson,* of Greenville, *for Respondent,*

October 29, 1952.

STUKES, Justice.

This appeal is from conviction of violation of the "bogus check law," which is section 1167 of the Code of 1942. Ap-

pellant issued the check on a Maryville, Tennessee, bank in exchange for check in like amount of the prosecuting witness on the Bank of Traveler's Rest, in this State. The latter was paid in due course upon presentation after prompt deposit of it by appellant in the Bank of Maryville.

Both checks were dated November 28, 1947, which was the day after Thanksgiving and the principal contention of the appellant is that they were in fact issued and delivered on the day before, Thankgiving Day, so that the check upon which he was prosecuted was postdated, by this one contended day, and that the case therefore falls within the rule of *State v. Winter,* 98 S. C. 294, 82 S. E. 419. Whether or not the check was so postdated became, under the evidence, an issue for the jury which they by their verdict determined against appellant. He and his then wife (since divorced) testified to the fact of postdating and appeared to be supported by the records of his bank in Maryville which showed deposit on November 28, the date of the check, at a claimed hour when it would have been impossible for appellant to have returned there with it from Greenville where he procured it from the prosecuting witness. The latter, his wife, daughter-bookkeeper and another employee, were equally firm in their contrary testimony to the effect that the check was dated when given, and not the day after. The automobile travel time between Greenville and Maryville, about two hundred mostly mountainous miles apart, is from four to five hours.

One of the grounds of appeal is that the court erred in denying motion for directed verdict of not guilty upon the sole point that the evidence showed that the check was postdated by one day. But the evidence was in substantial conflict thereabout, as seen, and there was no error in submission of the issue to the jury. Upon appeal, the evidence and inferences must be considered in the light most favorable for conviction. It is not the function of this court to pass upon the weight of the evidence, but only to determine its sufficiency to support the verdict which we con-

clude affirmatively, without difficulty, in this case. *State* `*_*
*Smith,* 220 S. C. 224, 67 S. E. (2d) 82, and cases cited.

Similar disposition is made of appellant's complaint that the court should have charged the jury in accord with requests with respect to the law of postdated checks. The substance of the requests was included in the instructions to the jury, as follows: "Now I charge you further, irrespective of the question of intent, if you should find that the check in question was a postdated check, that it was dated subsequent to the date on which it was passed, why, it would merely be what we term a postdated check, or promise to pay in the future, and would not constitute, and could not constitute the basis of a criminal prosecution. That is the law of this State as to postdated or future-dated checks." In addition, when appellant's counsel verbally renewed the requests during the course of the instructions, the court said in the presence of the jury: "I have charged substantially your requests. They relate to postdated checks; and if the check here was a postdated check, it would relate to a civil liability and not a criminal liability."

Another assignment of error is directed to the exclusion of evidence tendered by appellant to show that the prosecuting witness did not have to his credit in the bank sufficient funds upon the date of his check to appellant to pay it if then presented. The admitted fact is that this check was honored when presented, so the proffered testimony was irrelevant. Applicable is the adage that the proof of the pudding is the eating thereof.

It is further said with respect to the instructions to the jury that they related to the facts, particularly in the following excerpt:

"Now, after all, there isn't (aren't) but really two questions for you to consider in this case. Ordinarily, the Court has no right to discuss the facts in a case; but where the facts are undisputed—it is admitted that a check was presented, that something of value was received, and that the

check was dishonored when presented at the bank, not paid; the only question for your consideration is the fraudulent intent. Did the defendant have that intent? Was he prompted and inspired and actuated by that intent to swindle, to cheat and defraud the prosecutor in this case? The State must satisfy you of that intent beyond a reasonable doubt, and if you entertain a reasonable doubt as to the existence of that intent, your verdict would be for the defendant, not guilty."

Standing alone, in view of the evidence, the foregoing would have been in partial error, manifestly inadvertent, because it referred to a single issue, that of intent; but it was immediately followed by the portion of the charge quoted first above which related to postdated checks. It is clear that the jury could not have misunderstood the instructions as a whole, as they must be considered. No error is found in this or the other assignments.

Judgment affirmed.

BAKER, C. J., and FISHBURNE, TAYLOR and OXNER, JJ., concur.