19944

The STATE, Respondent, v. Howard WHARTON, Appellant

(211 S. E. (2d) 287)

*John Bolt Culbertson, Esq.,* of Greenville, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen., Joseph R. Barker, Asst. Atty. Gen.,* of Columbia, and *William T. Jones, Sol.,* of Greenwood, *for Respondent,*

January 15, 1975.

Moss, Chief Justice:

Howard Wharton, the appellant herein, was indicted by the Grand Jury of Abbeville County on the charges of (1) breaking and entering, breaking into a motor vehicle and larceny; (2) assault and battery with intent to kill and carrying a pistol; and (3) unlawfully pointing a firearm at one Claude London, Jr. The appellant waived his right to a trial by jury and consented to a joint trial of the three indictments by the presiding judge, the Honorable Francis B. Nicholson. The trial judge found the appellant guilty of the following offenses: (1) malicious injury to personal property of a value of more than $50.00; (2) aggravated assault; and (3) pointing a firearm at the person of Claude London, Jr. The appellant was given a concurrent sentence of three years, suspended upon the service of four months, with probationary supervision for three years after release, and restitution in the sum of $100.00 for property damage to the automobile of Willie Elmore. The appellant gave due notice of intention to appeal to this Court.

The appellant made a timely motion for a directed verdict on the ground that the State failed to prove that the alleged crimes occurred in Abbeville County and that the court, therefore, had no jurisdiction. Such motion was denied and error is alleged.

Article I, Section 11 of our Constitution requires a criminal prosecution to be tried in the county in which the offense was committed. The right of a party to be tried in the county where the crime was committed is jurisdictional. *State v. Wiggins,* 257 S. C. 167, 184 S. E. (2d) 697. However, it is not necessary in a criminal case that venue should be proved affirmatively if there is sufficient evidence from which it can be inferred. *City of Florence v. Berry,* 61 S. C. 237, 39 S. E. 389. Evidence of venue, though slight, is sufficient in the absence of conflicting evidence and may be proved by circumstantial

442

as well as direct evidence. *Loftin v. State,* 230 Ga. 92, 195 S. E. (2d) 402. There is no conflict in the evidence in this case, all of the witnesses testifying that the alleged crimes took place at "Wharton's Place." The direct testimony by the State is that deputies from the office of the Sheriff of Abbeville County investigated these cases. There is also testimony that when an application was made for a beer license for Wharton's Place, the Sheriff of Abbeville County testified before the South Carolina Tax Commission in opposition to the granting of such.

We further find from the cross-examination of the Sheriff by counsel for the appellant the following:

"Q. In other words, you don't want him in Abbeville County?

"A. I don't care about him staying in Abbeville County, but I don't want him running a beer joint."

It also appears that prior to sentencing and during a colloquy between the trial judge and the appellant, he admitted that his place of business was located a mile or two beyond the Abbeville City Limits.

We conclude that there was sufficient circumstantial evidence that the alleged crimes took place in Abbeville County, and, in addition, there was no contrary evidence adduced by the appellant. Thus, this exception is without merit.

It is the contention of the appellant that he was entitled to a directed verdict for insufficiency of the evidence to support his conviction. It is well settled that on an appeal from a refusal to direct a verdict of not guilty, the evidence and inferences that may be reasonably drawn therefrom have to be viewed in the light most favorable to the State, and if there is any competent evidence supporting the verdict, such will not be set aside. *State v. Wheeler,* 259 S. C. 571, 193 S. E. (2d) 515.

The appellant argues that the trial judge erred in finding him guilty of malicious injury to personal property of a value of more than $50.00. There is

the testimony of two witnesses in behalf of the State that the appellant fired a bullet through the windshield of the automobile belonging to one of the witnesses. The testimony of these witnesses clearly indicates an unlawful, willful and malicious intent on the part of the appellant. There is also testimony that the value of the windshield exceeded $50.00 and that the damage thereto was approximately $100.00. The appellant denied that he shot the windshield of the automobile. It is perfectly apparent that there was a conflict in the testimony, and the trial judge resolved such against the contention of the appellant. This Court is without jurisdiction to weigh contradictory evidence or to review findings thereon. *State v. Rector,* 166 S. C. 312, 164 S. E. 872.

The appellant also argues that the testimony of the two prosecuting witnesses is full of contradictions and should not be believed. We have held that a motion for a directed verdict of acquittal is properly refused where the determination of guilt is dependent upon the credibility of the witnesses, as this is a question that goes to the weight of the evidence and is clearly for determination by a jury, here, the trial judge. *State v. Pitts,* 256 S. C. 420, 182 S. E. (2d) 738. The exception posing the foregoing question is without merit.

The appellant also asserts that the trial judge erred in finding him guilty of aggravated assault. He alleges that there was no showing that the assault was accompanied by aggravated circumstances; that the theory of the State is highly improbable and the testimony of the prosecuting witnesses is unreliable.

In *State v. Jones,* 133 S. C. 167, 130 S. E. 747, we defined the crime of assault as an unlawful attempt, coupled with a present ability, to commit a violent injury upon the person of another. There was testimony by the prosecuting witnesses that the appellant used a pistol, a deadly weapon, in the commission of the assault.

An assault with a pistol is one of an aggravated nature. *State v. Burch,* 43 S. C. 3, 20 S. E. 758. There is ample testimony in this record from which the trial judge could conclude that the appellant was guilty of an aggravated assault. The appellant denied that he committed the assault. Under this conflicting evidence, it was for the trial judge, as a trier of the facts, to determine the question. Again, the credibility of the witnesses was an issue for the trial judge. This exception posing the foregoing question is without merit.

The appellant alleges that the trial judge committed error in finding him guilty of pointing a pistol at one Claude London, Jr., asserting that there was no sufficient evidence to warrant such conviction and such was based on the uncorroborated and unreliable testimony of the prosecuting witnesses.

Section 16-141 of the Code makes it unlawful for any person to point any loaded or unloaded firearm at any other person. The testimony of Claude London, Jr. was that the appellant, without any provocation, slapped him and "throwed them two guns up in my face." The appellant denied this testimony. Again, under the conflicting testimony, it was for the trial judge to determine this issue of fact. The trial judge having determined this issue, there being testimony to support such finding, the contention of the appellant is without merit.

The trial judge is also charged with error in not accepting the appellant's version as a whole and acquitting him, because there was no reasonable basis to disbelieve his testimony. The trial judge in this case heard the testimony of all of the witnesses in behalf of the State and that given by the appellant. It was for him, as a fact-finder, to determine the credibility of the witnesses. This he has done, and the evidence supports his conclusion.

We have held that on appeal from a conviction, it is not the function of this Court to pass upon the weight of the evidence, but only to determine the

sufficiency of the evidence to support the verdict. *State v. Jenkins,* 222 S. C. 359, 72 S. E. (2d) 829. It is our conclusion that there was no error on the part of the trial judge in refusing the motion of the appellant for a directed verdict on the several grounds stated.

The appellant contends that the sentence imposed upon him was harsh and excessive. We think not.

We have held that this Court has no jurisdiction to correct a sentence alleged to be excessive when it is within the limits prescribed by law. *State v. Fogle,* 256 S. C. 149, 181 S. E. (2d) 483.

Section 17-553 of the Code refers to the punishment for misdemeanors and leaves the sentence within the discretion of the court and cannot exceed a period of ten years.

In *Shelton v. State,* 239 S. C. 535, 123 S. E. (2d) 867, the appellant was given a six year sentence for an assault of a high and aggravated nature, pursuant to Section 17-553 of the Code, and we held that since such sentence was within the limits of the statutory provision, this Court had no jurisdiction to change the sentence.

It appears from the record that without any objection being made thereto that the appellant's Federal Bureau of Investigation identification record was before the trial judge even before the trial started. When the appellant was cross-examined by counsel for the State, he admitted that he had been convicted on one occasion of a sale of narcotics. The appellant did not object to this testimony on the ground that it would prejudice the trial judge, but that it would prejudice the appellant before his friends and neighbors. The trial judge refused to permit counsel for the State to pursue the matter further and ruled that, "I certainly feel perfectly capable of laying that aside." It further appears that at the time the trial judge sentenced the appellant he was assured that such was not being done on the basis of his criminal record. In view of the trial judge's ruling, no prejudice resulted to the appellant by reason of

the cross-examination of counsel for the State as to the sale of narcotics by him. There is no merit in this exception.

During the cross-examination of the appellant by counsel for the State, he was asked why he was called "Dude." His answer was that this was a name given him by the blacks of the community. Counsel for the State, while cross-examining the appellant, could not get him to answer a question and concluded his examination with the statement "Well, I'll let Mr. Dude's here comments go unanswered." Upon objection by counsel for the appellant, such was sustained by the trial judge. It follows that no error resulted.

The exceptions of the appellant are overruled and the judgment and conviction of the appellant are,

Affirmed.

LEWIS, BUSSEY, LITTLEJOHN and NESS, JJ., concur.