0404

The STATE, Respondent, v. Jamie McCUTCHEON, Appellant.

(327 S. E. (2d) 372)

Court of Appeals

*T. Kenneth Summerford,* Florence, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr.,* and *Staff Attys. Susan A. Lake* and *Norman Mark Rapoport,* Columbia; and *Sol. Dudley Saleeby, Jr.,* Florence, *for respondent.*

Heard Jan. 23, 1985.

Decided March 4, 1985.

GARDNER, Judge:

Jamie McCutcheon (McCutcheon) was tried and convicted on two counts of obtaining property by false pretenses, Section 16-13-240, Code of Laws of South Carolina (1976). The

charges were based upon two postdated checks, one given to a Mr. Anderson (Anderson) and one given to a Mr. Jarrell (Jarrell), both of whom are oil dealers. We reverse.

McCutcheon was engaged in the retail sale of gasoline. It is undisputed that the checks upon which the case hinges were postdated and were given to purchase gasoline for resale.

False pretenses is defined in *State v. Love*, 275 S. C. 55, 271 S. E. (2d) 110 (1980) as follows:

> A "false pretense" is such a fraudulent representation of an *existing* or *past* fact by one who knows it not to be true, as is adapted to induce a person to whom it is made to part with something of value. (Emphasis ours.)

> A promise to do something in the future cannot constitute the basis of a prosecution for obtaining goods under false pretenses. A postdated check is a promise to pay at a future time. *State v. Winter*, 98 S. C. 294, 82 S. E. 419 (1914).

The record discloses no testimony that a false representation of a past or existing fact was made to Anderson. The state based its case upon an alleged conversation between McCutcheon and Jarrell. Jarrell testified about a conversation the date of which he could not remember. (The date the postdated check was given is known.) At the time of the conversation, McCutcheon owed Jarrell for a previous delivery. The alleged conversation in pertinent part is as follows:

> He then called me on a subsequent date, *I don't know exactly what*, and told me that he wanted to buy another load of gas. I told him that we would have to have a cashier's check for this particular load here and we would also have to have a current dated check for the load that he was receiving if we continued to do business. I said, you know, we will work out the $4,000 but we need, in hand, a cashier's check or a certified check of this amount, of $9,503.00 and also a current-dated check for the present load that *will be delivered at that date*. (Emphasis ours.)

In response to the above remarks, Jarrell testified that McCutcheon responded: "and he said that he would be in position to handle it and we proceeded to make the delivery." McCutcheon denied that the conversation occurred.

The record does not reflect how long in time it was before the next delivery was made. At any rate Jarrell delivered another load of fuel to McCutcheon and McCutcheon gave the driver a postdated check upon which the indictment relating to the Jarrell postdated check was based.

McCutcheon's counsel made proper motions for a directed verdict on the basis that the state had not proved a representation of a past or present fact upon which the prosecution could be based. Post-verdict motions were made on the same basis.

We have no way of knowing when the quoted alleged remarks were made; we, however, hold that these remarks could not have constituted a basis for the conviction of McCutcheon. Jarrell's remarks refer to gasoline that "will be delivered at that date." The date of the conversation is unknown but the words "will be delivered at that date" are framed in the future tense and the alleged response by McCutcheon can be construed only as a representation as to what he would be able to handle "at that date." A promise to do an act in the future is not a representation of a *present* or *past* fact. We hold that the alleged conversation does not constitute a basis for a criminal prosecution for obtaining goods under false pretense.

For the reasons stated, the judgment below is reversed.

Reversed.

SANDERS, C. J., and BELL, J., concur.