9594

## TAYLOR v. SOUTHERN STATES LIFE INS. CO.

(91 S. E. 326.)

1. INSURANCE—DISABILITY—QUESTION FOR JURY.—Under life policy providing for part payment on physical disability which wholly, continuously and permanently incapacitates insured from carrying on any gainful occupation, evidence *held* to warrant submission to jury of issue of disability.

2. INSURANCE—DISABILITY—RIGHT TO PAYMENT—"TOTALLY DISABLED." —An illiterate three-horse farmer, accustomed only to bodily labor, made by disease suddenly unfit for it, comes within the meaning of a clause providing for part payment on physical disability which wholly, continuously, and permanently incapacitates insured from carrying on any gainful occupation.

Before SEASE, J., Marion, April, 1916.    Affirmed.

Action by Levi F. Taylor against the Southern States Life Insurance Company.  Judgment for plaintiff, and defendant appeals.

*Messrs. Acquilla J. Orme* and *Jas. W. Johnson,* for appellant, cite: *As to issue for jury:* 104 S. C. 20; 103 S. C. 519.  *Total disability:* 122 Pa. St. 979; 9 Am. St. Rep. 148; 121 Mo. 548; 93 Tex. 487.  *Insured cannot recover upon proof of partial disability:* 93 Tex. 487; 62 Kan. 75; 72 Vt. 325; 61 Neb. 563; 106 Iowa 81; 153 Ala. 630.  *Construction of contract of insurance:* 21 Ga. 97; 1 Ga. App. 380; 12 Ga. App. 712.  *Testimony contradictory:* 96 Ga. 481; 119 Ga. 835; 118 Ga. 289.  *Total disability clause strictly construed:* 46 Iowa 633; 67 Wis. 174; 58 Am. Rep. 863.

*Mr. Hoyt McMillan,* for respondent, cites: *As to definition of total disability:* 1 Corpus Juris. 462, 463, 465; 34 L. R. A. (N. S.) 126; 55 Hun. 98; 86 S. W. 491.  *Direction of verdict:* 91 S. C. 17, 78, 81.

February 10, 1917.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

Action upon a contract of insurance. Verdict for the plaintiff for $531.33. Appeal by the defendant. The insurance was of the plaintiff's life, and for $2,000; but the contract evidenced by the policy had this clause written in it, to wit:

"If the insured shall furnish to the company due proof that he has become physically disabled, and wholly, continuously, and permanently incapacitated from carrying on any gainful occupation, then in such case, immediately on such proof as aforesaid being furnished to the company, the policy shall mature as an endowment to the extent of one-fourth of the amount insured hereunder, which shall thereupon be paid in cash to the insured, in part payment of the amount insured hereunder."

The operation of that clause on the testimony in the case makes this lawsuit. The company insists that the testimony offered by the plaintiff does not tend to prove that he "has become physically disabled, and wholly, continuously, and permanently incapacitated from carrying on any gainful occupation." Therefore the defendant esteems that it was entitled to have the trial Court to so direct the jury. And, while there are three exceptions, the appellant's counsel stated at the hearing that the. chief ground of the appeal was for the Court's refusal to direct a verdict. To that alone ·we shall direct our attention; for we are of the opinion that the first and third exceptions are so devoid of merit as to need no discussion.

It was stated by the general counsel of the company, and in the oral argument, that clauses like that in issue first began to be written in 1906, and that there has been no general construction of the clause by the Courts of last resort. The

insistence of the defendant is that the plaintiff's own testimony, instead of proving total disability, negatives that conclusion. So the case depends upon what the plaintiff has said and the operation of his contract thereupon. If there may be two reasonable opinions about the result of this process of deduction, then the Court was right to leave the inference to the jury. That rule, like rules of law generally, is plain enough; the rub comes in its application to the facts.

We are satisfied that the Court was right to submit the issue to a jury. The setting of the case is this: The plaintiff is a man of 60 years; he is a three-horse farmer; he never learned to read and he only learned to write his name, and he cannot do that now; he was suddenly stricken down during January while doing manual labor, was carried to a hospital at Florence, and began to mend only in September following; he has never since the attack been able to do farm work; since the first attack he has been sick "all the time most." On cross-examination the plaintiff testified that when his wagon was loaded he drove it out to his farm; that he sometimes rode in a buggy with a boy who delivered milk for him; that he looked after the feeding of the cows; that he ran a dairy business with four cows with the help of a 14-year-old boy; that he made arrangements for farm purchases, etc. It is this testimony upon which the defense relies to negative total disability.

The policy itself is evidence that the words of the disability clause are not to be literally construed. That instrument suggests several instances of what are deemed total disablements, to wit:

"Permanent loss of the sight of both eyes, or the loss of both hands at or above the wrist or the loss of both feet at or above the ankle, or the loss of one hand at or above the wrist and one foot at or above the ankle, or being permanently totally paralyzed, are some of the causes which will be admitted by the company as a total disablement under this clause."

An illiterate three-horse farmer, dependent in large measure on his own strong arm for a livelihood, accustomed and trained only to bodily labor, made by disease suddenly and generally unfit for bodily labor, comes within the meaning of the contract; he is deemed totally disabled when he is no longer able to do his accustomed task, and such work as he has only been trained to do, and upon which he must depend for a living. The man of waning years, of small means, of no education, totally dependent upon the strength of his body for a livelihood, is bankrupt when the marvelous and mysterious parts of his organism go wrong. If they do not answer the summons of his will, if indeed it is able to summon them, to do the common tasks, he is undone, and for his purposes totally undone. It would be like squaring the circle for a Judge to undertake to say just at what juncture a part became a whole, at what period a disability is enlarged from partial to total.

We think the Circuit Judge compassed the whole case when he ruled on the motion for a directed verdict. He said:

"I think the case will have to go to the jury. I think every case will have to stand on its own bottom as to disability. I am almost prepared to say that what might be disability to one person might not be to another. For example, leaving out the special case mentioned in the policy, take a lawyer that loses both of his legs; he could still pursue his vocation; but if he was a farmer or a carpenter he could not. So it depends entirely on the individual, I think, and that, of course, would be a matter for the jury."

The judgment of the Circuit Court is affirmed.

MR. CHIEF JUSTICE GARY did not participate in the consideration of this case.