10968

BERRY v. UNITED LIFE & ACCIDENT INSURANCE CO.

(113 S. E. 141)

INSURANCE—FRACTURE OF LEG RESULTING IN PERMANENT INABILITY TO WORK MUCH HELD TO MAKE QUESTION OF TOTAL DISABILITY OF TENANT FARMER ONE FOR JURY.—In an action by a tenant farmer upon an accident insurance policy to recover payments for total disability under the policy, on evidence that the fracture of plaintiff's leg resulted in a permanent injury which materially interfered with his farming, the question of his total disability *held* for the jury.

Before PEURIFOY, J., Dillon, October, 1921.

Action by Curtis Berry against United Life & Accident Insurance Co. From judgment for plaintiff in the Magistrate's Court, affirmed by the Circuit Court, the defendant appeals.

The injury received by the plaintiff was a fracture of his leg at the ankle, which permanently impaired the use of the leg, according to his evidence, to an extent which prevented him from walking any great distance or from plowing, though he was still able to conduct his business of tenant farming by employing others to do the hard work. The

exceptions upon the appeal to the Supreme Court were as follows:

(1) That his Honor the Trial Judge erred in overruling the first ground of appeal from the Magistrate's Court and sustaining the judgment thereof, said ground being as follows: That the Magistrate erred in refusing the defendant's motion for a nonsuit, the said motion being based upon the ground that all of the evidence adduced by the plaintiff clearly showed that the plaintiff, during the time for which compensation was claimed in this action, was not in such condition as to bring himself within the terms of his contract of insurance, and therefore was not entitled to recover anything thereunder—said error being that the said ground of appeal was meritorious, and should have been sustained.

(2) That his Honor, the trial Judge, erred in overruling the second ground of appeal from the Magistrate's Court and sustaining the judgment thereof, said ground being as follows: That there was no legal evidence in the case from which the jury could find that the plaintiff was entitled, under the terms of the contract of insurance upon which he relied, to recover for the period sued for the sum awarded by the verdict or any other sum—said error being that the said ground of appeal was meritorious, and should have been sustained.

(3) That his Honor, the Circuit Judge, erred, it is respectfully submitted, in overruling the exceptions and affirming the judgment below, for the reason that the only reasonable inference to be drawn from the testimony was that the plaintiff was suffering from a partial, and not a total disability, whereas, under the terms of his contract, no recovery could be had except for a total disability, and his Honor, the Circuit Judge, should have so held and ordered.

*Messrs. Harby, Nash & Hodges,* for appellant, cite: *Total disability*: 62 Kan. 75; 45 Iowa 633; 67 Wis. 175;

61 Neb. 563; 106 Iowa 81; 72 Vt. 325. *Case distinguishable from* 106 S. C. 356. *Opinion evidence valueless when inconsistent with proven facts* 17 Barb., 276; 23 C. J., Sec. 1795. *Nonsuit should have been granted*: 104 S. C. 20; 99 S. C. 417.

*Messrs. Gibson & Muller,* for respondent, cite: *What is gainful occupation is fact for the jury*: 106 S. C. 356; 69 N. E. 68; 22 N. Y. Supp. 801; 61 N. W. 293. *Total disability*: 7 Ann. Cas. 815; 55 N. E. 973; 13 Atl. 896; Ann. Cas. 1918-C 113.

July 25, 1922.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an appeal from the following order of his Honor, the Circuit Judge, in which the facts are stated:

"The above matter came on to be heard before me in open Court at the October term, 1921. The plaintiff, Curtis Berry, had instituted a suit in the Court of Magistrate L. B. Haselden at Dillon on a policy of life and accident insurance for the recovery of the stipulated sum of $20 covering the week commencing September the 7th and ending September 24th, claiming that under the provisions of the policy he was entitled to recover the said sum; he being totally and continuously unable to pursue any gainful occupation. At the close of plaintiff's testimony, defendant made a motion for non-suit on the grounds that the testimony offered did not bring plaintiff within the terms of the policy. This motion was overruled by the magistrate. The defendant offered no testimony, and the cause was submitted to a jury, who found in favor of the plaintiff. Within due time defendant gave notice of intention to appeal and stated as grounds of error that the Magistrate erred in refusing the nonsuit, that there was no legal evidence on which a jury could base the ver-

dict for the plaintiff, and that the vedict was contrary to the greater weight of the evidence.   The said exceptions having been duly argued, and counsel for both sides having been heard, and the cause having been duly considered by me, I have reached the conclusion that there was no error as charged.   The testimony is such that it is impossible for the Court to say as a matter of law that the plaintiff does not come within the provisions of the policy, and the Magistrate was therefore not in error in submitting the question to the jury.   This view is supported by the case of *Taylor v. Insurance Co.,* 106 S. C., 356; 91 S. E., 325; L. R. A. 1917C, 910."

His Honor the Circuit Judge dismissed the appeal.

The defendant again appealed upon exceptions, which will be reported.

The material provisions of the policy in question are as follows:

"For and in consideration of twelve dollars per annum, which sum is included in the total premium named on the first page of this policy, the United Life & Accident Insurance Company hereby agrees to pay to the insured a weekly indemnity at the rate of twenty dollars per week during the time the insured shall be totally and continuously unable to pursue any gainful occupation for not to exceed fifty-two (52) weeks, and thereafter a weekly indemnity at the rate of ten dollars ($10) per week, throughout the period of such disability; but all such weekly indemnities are payable only, in case the disability is caused directly and exclusively by bodily injury, sustained solely through accidental means, not including injury sustained during military or naval service in time of war."

The defendant did not offer any testimony, but made motion for a nonsuit, which was refused, whereupon it appealed upon exceptions, which will be reported.

The appeal involves the construction of the words "he being totally and continuously unable to pursue any gainful occupation."

In the case of *Taylor v. Southern States Life Ins. Co.,* 106 S. C. 356, 91 S. E. 326, L. R. A. 1917C, 910, where the facts were similar to those in the present case, this Court said:

"An illiterate three-horse farmer, dependent in a large measure on his own strong arm for a livelihood, accustomed and trained only to bodily labor, made by disease suddenly and generally unfit for bodily labor, comes within the meaning of the contract; he is deemed totally disabled when he is no longer able to do his accustomed task, and such work as he has only been trained to do, and upon which he must depend for a living. The man of waning years, of small means, of no education, totally dependent upon the strength of his body for a livelihood, is bankrupt when the marvelous and mysterious parts of his organism go wrong. If they do not answer the summons of his will, if indeed it is able to summon them, to do the common tasks, he is undone, and for his purposes totally undone. It would be like squaring the circle for a judge to undertake to say just at what juncture a part became a whole, at what period a disability is enlarged from a partial to total."

In an extended note on the subject in 7 Ann. Cas. at page 815, it is said :

"'The rule prevailing in most jurisdictions is that the 'total disability' contemplated by an accident insurance policy does not mean, as its literal construction would require, a state of absolute helplessness which can result only from loss of reason, since as long as one is in full possession of his mental faculties he is capable of transacting some part of his business, whatever it may be, although he is incapable of physical action. On the contrary, these Courts, giving consideration to the object of the contract,

hold that the 'total disability' contemplated by the agreement is inability to do substantially all of the material acts necessary to the prosecution of the insured's business or occupation, in substantially his customary and usual manner."

Affirmed.