13847

DUKES v. JEFFERSON STANDARD LIFE INS. CO.

(174 S. E., 463)

Before JOHNSON, J., Orangeburg, October, 1932. ▮
▮

*Messrs. Thomas, Lumpkin & Cain, John S. Bowman and Smith, Wharton & Hudgins,* for appellant, ▮

*Messrs. A. J. Hydrick, W. C. ·Wolfe* and *M. E. Zeigler,* for respondent, ▮

May 9, 1934.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This action, commenced in the Court of Common Pleas for Orangeburg County, October 4, 1932, by Robert Fulton Dukes, as plaintiff, against the Jefferson Standard Life Insurance Company, defendant, is a suit involving the demand for total and permanent disability benefits alleged to be due the plaintiff, at the rate of $100.00 per month on a policy of insurance issued by the defendant to the plaintiff, carrying total and permanent disability provisions, the face value of the policy being $10,000.00, and the amount alleged to be due the plaintiff on the same being, up to the time of trial, $900.00, together with interest thereon. The defendant denied liability. Issues being joined the case was tried at the April, 1933, term of said Court, before his Honor, Judge J. Henry Johnson, and a jury. At the close of the introduction of testimony on behalf of the plaintiff, counsel for the defendant stated to the Court that the defendant had no testimony to offer, and, further, that the question was one purely for the Court. Thereupon, counsel for defendant made a motion for direction of a verdict. After hearing argument and giving due consideration to the motion, his Honor, the trial Judge, refused defendant's motion and directed a verdict for the plaintiff for the full amount sued for, $900.00 with interest thereon. From judgment entered for the plaintiff on the verdict, the defendant appealed to this Court, imputing error to the trial Judge. While the defendant-appellant presents allegations of error under three exceptions, appellant states before this Court, as set forth in its brief, that the appeal involves only two questions, namely:

"1. Can the insured, Robert Fulton Dukes, recover under the total and permanent disability benefit provisions as set forth in the policy in question when he has for sixteen years been the Sheriff of Orangeburg County, made the race and was re-elected in the summer of 1932, and duly qualified for an additional four-year term as such sheriff in January, 1933, and is still enjoying the emoluments and remuneration as chief peace officer of Orangeburg County?

"2. Under the admitted testimony, is not the insured still pursuing his same occupation and the one upon which he has depended for a living?"

The matters involved in these questions were pressed before the trial Judge on defendant's motion for direction of a verdict, and in this connection counsel for defendant quoted from the policy the following provision contained therein:

"If after one full annual premium shall have been paid on the policy, and before default in the payment of any subsequent premium, the insured shall furnish to the company due proof. * * * That he has for more than sixty days immediately prior to the filing of such proof been wholly and continuously disabled by bodily injuries or disease other than mental and presumably will be permanently, continuously and wholly prevented thereby from pursuing any occupation whatsoever for remuneration of profit. * * *"

In arguing the motion for a direction of a verdict for the defendant, counsel for defendant took the position that under the admissions of the plaintiff it clearly appeared that the plaintiff, for six or seven years, last past, had no gain or living out of his farming operations, but that whatever he made the same was made out of his office as Sheriff; that in the summer prior to the time of the trial of the case the plaintiff ran in the campaign for re-election as Sheriff of Orangeburg County, was nominated and later appointed to the office in the manner prescribed by law, is now occupying the office, and will continue to occupy it for the remainder of the regular four-year term; that under the conditions of the insurance policy, and especially that provision quoted above, the plaintiff cannot maintain this action. In this connection counsel called special attention to the case of *Davis v. Insurance Co.,* 164 S. C., 444, 162 S. E., 429, 430, quoting therefrom the following clause, which was quoted by the writer of that opinion from the opinion in the case of *Tay-*

*lor v. Southern States Life Insurance Co.*, 106 S. C., 356, 91 S. E., 326, L. R. A., 1917-C, 910, a person is "deemed totally disabled when he is no longer able to do his accustomed task, and such work as he has only been trained to do, and upon which he must depend for a living." In connection with the motion appellant also urged before his Honor, the trial Judge, that the plaintiff could not maintain the action and that defendant was entitled to an order directing a verdict for the reason that "a man, whether or not he is disabled, can't run for office in a public primary, and then accept an appointment, following the nomination, and then serve in that office, especially the office of Sheriff of a county, and then claim to be totally disabled," and, further, that "having been so elected, and so taking his office, and having been commissioned for a period of four years, that he is estopped from claiming total and permanent disability under a policy of this kind."

The above-stated positions are earnestly urged before this Court by appellant, pointing, in several instances, to the testimony relied upon regarding the facts.

The policy in question was issued by the defendant, June 15, 1919, and the premiums thereon duly paid from year to year; that on or about the 23d day of September, 1929, while the policy was of force, and while the insured was under the age of sixty years, the insured became disabled, caused from a stroke of apoplexy, and, according to the testimony of the plaintiff and his wife and other witnesses, he has been disabled since that date; that within about sixty days from the time of the stroke of apoplexy a claim was filed with the defendant for disability payment under the terms of the policy, and such claim was paid and continued from time to time, in accordance with the terms of the policy, until about June, 1932, the payments being discontinued by the defendant, according to defendant's contention, upon the ground that the plaintiff on or about that date, June, 1932, recovered from such disability.

The defendant contended in the lower Court, and contends before this Court, that there is no other reasonable inference to be drawn from the evidence in the case but that the plaintiff has recovered from said disability. To sustain defendant's contention defendant points to the fact that plaintiff was re-elected to the position of Sheriff of Orangeburg County at that time, and duly qualified as such officer, and was up to the time of the trial acting as such Sheriff and performing the duties of such office. In this connection it is the further contention of the defendant that the plaintiff's election to the office of Sheriff after his disability occurred negatives his claim of present disability, and, further, that he is estopped from claiming the disability benefits under the policy. We are unable to agree with the appellant. The plaintiff testified that his occupation was farming; that it was his life occupation; that he had resided on his present farm, located within two or three miles of the town of Orangeburg, for thirty-three years, and he had operated this farm up to the time of his illness, when he became disabled, following the stroke of apoplexy; that it was his custom to get up very early in the morning and walk over the farm before attending to other duties; that he was later on elected to the office of Sheriff for Orangeburg County, which office, up to time of the trial of this case, he had held for sixteen years; that after he was elected Sheriff of said county he continued to operate his farm personally and attend to all of the duties and business connected with the same until his illness, mentioned above, September 23, 1929, and that since that time he has been disabled and unable to carry on his farming operation as was his custom, or attend to the duties of the office of Sheriff; that his wife had to take charge of the farm entirely and the office of Sheriff had to be managed by the deputies and assistants; that his wife and daughters also·rendered what assistance they could in the management of the said office. This, in substance, is the effect of the plaintiff's testimony on this line, and there was other testi-

mony, the testimony of plaintiff's wife and others, which tended to corroborate the testimony of the plaintiff.

The defendant points to testimony tending to show that the plaintiff, instead of making a living from his farm, had really operated the farm at a loss for a number of years. There was testimony on the part of the plaintiff to that effect; and, further, that, for some time, all that the plaintiff got was out of the office and from the amounts paid to him under the provisions of the policy. The fact that plaintiff lost money on his farm for several years did not prevent farming from being his regular occupation. This Court will take judicial notice of the financial depression from which this country has suffered for several years, and the fact that the farming interest has suffered heavily. A large number of the farmers have not only not made a profit but suffered a loss for several years. But this fact is no reason for holding that farming is not the occupation of such men, and the fact that plaintiff lost money on his farm is no reason for contending that farming is no longer his occupation. In this connection we may state that the record in the case clearly shows that the plaintiff is disabled and not in a position to carry on his farming business within the meaning of the provisions of the policy, as construed by the decisions of this Court. See the cases of *Berry v. United Life Insurance Co.*, 120 S. C., 328, 113 S. E., 141; *McCutchen v. Life Ins. Co.*, 153 S. C., 401, 151 S. E., 67, and authorities therein cited.

It seems to be the contention that in order for any line of business to be the occupation of a policy-holder, within the meaning of the terms of the policy, that such person must get his support from such business at the time involved. We do not agree with the contention of appellant; for while it is to be expected that a person should get his living from the business in which he is regularly engaged as an occupation, he may not be able to do this every year he is conducting such business, and neces-

sarily must manage some other way to get his living. It may reasonably be assumed that there will be some good business years when something can be put aside for "rainy days," and the same may reasonably be presumed regarding the plaintiff. Then, too, he may borrow, even to the extent of putting a mortgage over his land, hoping to make it up the next year, and thereby manage to live. In this connection we may state that there was testimony to the effect that the plaintiff had on his farm a large pecan orchard from which he received some income, which no doubt helped him some in his trying days. Under our view of the record the plaintiff has brought himself under the provisions of the policy, entitling him to the disability benefits provided for thereunder.

Even if it could successfully be contended that the holding of the Sheriff's office constituted the plaintiff's occupation, as, it seems, is contended by the appellant, with which contention we are unable to agree, it would not avail the appellant anything in this appeal. The proof clearly shows that the plaintiff, since suffering from a stroke of apoplexy, has not been able to attend to the duties of the Sheriff's office, but has had to depend upon his deputies, and such assistance as his wife and daughters have been able to furnish him. He has not made anything from the office of Sheriff worthwhile, nearly all he made had to be spent in running the office. It is true, he has a lot charged up against parties for fees he is entitled to for handling executions, but cannot collect it. At least, that is the effect of his testimony. The proof clearly shows that the plaintiff is not in a condition to attend to the work of the Sheriff's office. In this connection, as we understand appellant's position, appellant contends that the very fact that plaintiff offered for re-election, was elected and took the oath of the Sheriff's office, and undertook to perform the duties connected therewith, after having the stroke of apoplexy, causing his alleged disability, under the provisions of the policy

the Court should hold as a matter of law that the plaintiff is no longer disabled, within the meaning of the policy. We are unable to agree with this position. Such facts were matters to be considered in connection with all of the other facts and circumstances for the purpose of determining the question of plaintiff's disability, but were not sufficient for the Court to hold, as a matter of law, that the plaintiff was no longer disabled, within the meaning of the policy.

In this connection we may call attention to the fact the defendant did not ask for the case to be submitted to the jury on any issue, but stated to his Honor that the issues involved were purely questions for the Court, and proceeded to make a motion for direction of a verdict. The trial Judge was, therefore, relieved of determining whether or not the case should have been submitted to the jury, and it is not contended by the appellant before this Court that the issues should have been submitted to a jury. Therefore, the issues of fact involved, as well as the issues of law, were questions for the trial Judge to pass upon.

We wish to state, further, that the Court is not concerned with the action of the people of the County of Orangeburg in electing a man Sheriff of that county who was not physically able to discharge the duties of that office. His re-election was evidently due to his popularity and the very high esteem in which he was held by the people of that county.

Having duly considered the several positions urged by appellant, in connection with the record in the case, it is our opinion that the trial Judge properly overruled defendant's motion for direction of a verdict, and was right in directing a verdict for the plaintiff.

The exceptions are, therefore, overruled and it is the judgment of this Court that the judgment of the Circuit Court be and is hereby affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and BONHAM concur.

MR. CHIEF JUSTICE BLEASE (concurring) : In addition to the authorities cited by Mr. Justice Carter, the recent case of *Caldwell v. Volunteer State Life Ins. Co.,* 170 S. S., 294, 170 S. E., 349, supports his conclusion.