## 13866

RICHARDS v. SUPREME FOREST WOODMEN CIRCLE

(174 S. E., 907)

*Messrs. Hodges & Hodges,* for appellant,

*Mr. John C. Henry,* for respondent,

June 12, 1934.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

The defendant, a Nebraska corporation, is a fraternal association operating in this State through local lodges or groves as its agents. In November, 1925, it issued to the plaintiff, one of its members, a certificate, which provided for the payment to such member disability benefits in the sum of $250.00. The complaint alleged that the plaintiff, while a member in good standing, became totally and permanently disabled, and that under the terms of the insurance contract she was entitled to the payment of the benefits claimed. The answer was a general denial. The trial of the case resulted in a verdict for the amount asked for, and the defendant excepts and brings error.

The main question presented by the appeal is whether the trial Judge committed error in refusing defendant's motion for a nonsuit, made upon the ground that the testimony failed to show that the plaintiff was totally and permanently disabled under the terms of the benefit certificate.

We think the motion was properly overruled. In *Hickman v. Life Insurance Company*, 166 S. C., 316, 164 S. E., 878, 880, relied on by the appellant, it was pointed out in the opinion as an admitted fact that the plaintiff continued to do her customary work substantially in the usual manner, though perhaps intermittently, for about six months after the lapsing of her insurance policy. The Court said: "In fact, this is the only inference to be drawn from her testimony, as she declared that she was never discharged but quit work voluntarily, when she did stop, on account of her health." In the case before us, it is reasonably inferable from

plaintiff's testimony that, after she became seriously afflicted, both physically and mentally, she was unable to do her customary work, that upon which she depended for a living, in substantially her usual manner. She testified that she worked in the Monaghan Mill in the spinning room, and that she continued to do so until she gave out; that she had spasms and fits and was taken to the county home for treatment and care; that she would try to do a little work in the mill but would give out before stopping time, as she was too ill and unable to carry on. Dr. Hellar testified that he had examined the plaintiff and had diagnosed her trouble as epilepsy, that "stupidity and lack of memory * * * go along with it," and that he considered her totally disabled. Dr. Caudle stated that he had made a thorough examination of Mrs. Richards several times; that he saw her have an attack which indicated epilepsy; that she was not mentally able to work; and that it was very dangerous for her to go into the mill. Under this testimony we think that the question whether plaintiff was "totally and permanently disabled," as that phrase has been defined by this Court in connection with its use in insurance contracts, was undoubtedly an issue for the jury. See *Davis v. Insurance Company,* 164 S. C., 444, 162 S. E., 429.

The motion for a new trial was also properly refused. The request to charge out of which this question arose gave to the defendant more than it was entitled to; it therefore has no reasonable ground for complaint. There was some testimony to sustain the verdict, and we think it should be allowed to stand.

The judgment is affirmed.

MR. CHIEF JUSTICE BLEASE, MESSRS. JUSTICES CARTER and BONHAM and MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN concur.