13976

OWENS v. SOVEREIGN CAMP, W. O. W.

(178 S. E., 125)

*Messrs. Hodges & Hodges,* for appellant,

*Mr. Julian D. Wyatt,* for respondent,

January 14, 1935.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This action was brought by the plaintiff to recover certain disability benefits under a certificate of insurance which had been issued him by the defendant association. The sole issue made on trial of the case was whether there was any testimony tending to show that the insured was totally disabled, as that phrase has been defined by this Court in connection with its use in insurance contracts. The defendant's motion for a directed verdict was overruled, and the jury found for the plaintiff $500.00. The ground of the motion, that there was no evidence of such disability, is renewed here by the exceptions, and this is the only question involved in the appeal.

We have held that "what amounts to a total disability is a relative matter, and depends largely upon the circumstances of each case, and upon the occupation and employment in which the person insured is engaged" (*McCutchen v. Insurance Co.,* 153 S. C., 401, 151 S. E., 67, 80) ; that the phrase is not to be literally construed, but that a person is "deemed totally disabled when he is no

longer able to do his accustomed task, and such work as he has only been trained to do, and upon which he must depend for a living" (*Taylor v. Insurance Co.,* 106 S. C., 356, 91 S. E., 326, 327, L. R. A., 1917-C, 910) ; and that the total disability contemplated by contracts of insurance "is inability to do substantially all of the material acts necessary to the prosecution of the insured's business or occupation, in substantially his customary and usual manner" (*Berry v. Insurance Co.,* 120 S. C., 328, 113 S. E., 141, 142).

The Court has read with especial care the testimony taken in the case at bar, but deems a review of it unnecessary. While it appears that the insured was an unwell man, perhaps seriously afflicted, it was conceded that, from the date he claimed his disability began to the time of the trial of the case, he had continued to work, although not on full time and with a somewhat decreased production, in the Easley mill, at his accustomed task, which he had been trained to do, and upon which he depended for a living; and we find no evidence in the record which shows, or from which the inference might be drawn, that he was unable, during the period of his alleged total disability, to do all the material acts necessary to the prosecution of such occupation or work, in substantially his customary and usual manner. The defendant therefore was entitled to a directed verdict.

The judgment of the Circuit Court is reversed, and the case remanded, with instructions that judgment be entered up for the defendant under Rule 27 of this Court.

MESSRS. JUSTICES CARTER and BONHAM and MR. ACTING ASSOCIATE JUSTICE A. L. GASTON, concur.