14651

TEWKSBURY v. METROPOLITAN LIFE INS. CO. (two cases)

(196 S. E., 183)

November, 1937.

*Messrs. Elliott, McLain, Wardlaw & Elliott* and *Gyles & Garvin,* for appellant,

*Messrs. Williams & Busbee,* for respondent,

March 30, 1938.

The opinion of the Court was delivered by MR. CHIEF JUSTICE STABLER.

It appears from the record that on January 9, 1924, the defendant company issued to the plaintiff its policy of life, health, and accident insurance for the face amount of $3,-350.00. The policy contained, among others, a provision for payment by the insurer, under certain conditions named, to-

tal and permanent disability benefits. In 1933, the company began to pay the insured such benefits, and continued to do so until April, 1937. At that time, however, for reasons satisfactory to itself, it refused to make further payments or to waive the premiums according to the terms of the policy, and so notified the insured. These two actions were then brought by Tewksbury in a magistrate's Court to enforce the collection of his claims. By consent of counsel representing the parties, the cases were consolidated and tried together. When the testimony was all in, a verdict was directed for the plaintiff; the motion therefor being made upon the ground that the only reasonable inference to be drawn from the evidence was that the insured was totally and permanently disabled, and had been so at all times mentioned in the complaints. The defendant thereupon took the case to the Circuit Court upon exceptions charging the magistrate with error in "not allowing the jury to pass upon the issues." The appeal was heard by his Honor, Judge Gaston, who sustained the judgment in each of the actions. We quote from his order: "After a full hearing in the matter, including arguments *pro* and *con,* I am convinced that under the facts as disclosed by the testimony in the causes that the Magistrate properly directed verdicts for the plaintiff, under the authority of the cases of *Harman v. Life Insurance Company,* 184 S. C., 461, 192 S. E., 878, decided by the Supreme Court of South Carolina, in an opinion dated September 10, 1937, and *Owens v. Sovereign Camp,* 174 S. C., 514, 178 S. E., 125; *McCutchen v. Pacific Mut. Life Ins. Co.,* 153 S. C., 401, 151 S. E., 67, and other cases."

A review of the testimony, all of which we have read and considered with care, would serve no useful purpose. As held by the magistrate and the Circuit Judge, it is susceptible of only one reasonable inference, namely, that the insured, at the time of the trial of the case and at the times mentioned in the complaints, was totally and permanently disabled. Of course, this conclusion is reached under this Court's construction of the phrase "total

and permanent disability" appearing in insurance contracts similar to the one before us. See *Taylor v. Southern States Life Insurance Co.,* 106 S. C., 356, 91 S. E., 326, 327; L. R. A., 1917-C, 910; *Berry v. United Life & Accident Insurance Co.,* 120 S. C., 328, 113 S. E., 141, 142; *Brown v. Missouri State Life Insurance Co.,* 136 S. C., 90, 134 S. E., 224, 225; *McCutchen v. Pacific Mut. Life Insurance Co.,* 153 S. C., 401, 151 S. E., 67, 78; *Gresham v. Aetna Life Insurance Co.,* 159 S. C., 326, 156 S. E., 878; *Davis v. Metropolitan Life Insurance Co.,* 164 S. C., 444, 162 S. E., 429; *Owens v. Sovereign Camp, W. O. W.,* 174 S. C., 514, 178 S. E., 125, 126; *Harman v. New York Life Ins. Co.,* 184 S. C., 461, 192 S. E., 878. Clearly, under the evidence and applicable principles of law, verdicts were properly directed for the insured, and Judge Gaston committed no error in so holding.

Counsel for the appellant asked for permission, which was granted, to attack and argue against the decision in *Harman v. New York Life Insurance Co.,* 184 S. C., 461, 192 S. E., 878, with a view to having that decision modified or overruled. In their brief they say: "Although there are several other cases decided by this Court along the lines of the *Harman case,* we will center our attack against that case alone, for if it should be reviewed and modified or overruled, such other cases would as a matter of course be modified or overruled."

It appears that appellant seeks to have the Court discard or change the rule of construction adopted and followed by it with respect to the total and permanent disability clauses of insurance policies, and to adopt a different rule. We have read with much interest the argument of appellant's counsel thereabout. The rule, however, prevails in most jurisdictions and is not regarded as being unfair to the insurer as some seem to think. This Court has consistently refused to modify or change it, and no good reason appears why it should do so now. We may add, in view of certain contentions made, that a trial Judge may di-

rect a verdict for a party litigant, and it is his duty to do so, where the testimony is susceptible of only one reasonable inference, and that this postulate of the law applies with respect to actions brought to recover total and permanent disability benefits under insurance policies, to the same extent and in like manner as it applies to other law cases.

The exceptions are overruled, and the judgment of the Circuit Court is affirmed.

MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.