15019

KIZER v. SOVEREIGN CAMP W. O. W.

(7 S. E. (2d), 220)

466

June, 1939.

*Messrs. Zeigler & Brailsford,* for appellant,

*Messrs. Lide & Felder* and *Louis Rosen,* for respondent,

February 19, 1940.

The opinion of the Court was delivered by Mr. Justice Carter.

Appellant complains of the action of the trial. Judge in directing a verdict for the respondent, Sovereign Camp of the Woodmen of the World. The action was brought by the appellant for disability benefits under two certificates of insurance issued by the respondent to him, which provided for payment, under certain named conditions, of total and permanent disability benefits.

This Court has in a number of cases defined the meaning of "permanent and total disability," as contained in insurance contracts. In *Owens v. Sovereign Camp, W. O. W.,* 174 S. C., 514, 178 S. E., 125, 126, it is stated that "What amounts to a total disability is a relative matter, and depends largely upon the circumstances of each case, and upon the occupation and employment in which the person insured is engaged," but the phrase is not to be literally construed. A person "is deemed totally disabled when he is no longer able to do his accustomed task, and such work as he has only been trained to do, and upon which he must depend for a living." *Taylor v. Southern States Insurance Co.,* 106 S. C., 356, 359, 91 S. E., 326, 327. See also *Brunson v. Prudential Ins. Co. of America,* 182 S. C., 24, 188 S. E., 255, *Harman v. New York Life Ins. Co.,* 184 S. C., 461; 192 S. E., 878.

If the insured is unable to perform all of the material acts necessary to the prosecution of the insured's business or occupation, in substantially his customary and usual manner, and such business or occupation is the only work that he has been trained to do and upon which he must depend for a living, then the insured is totally disabled as contemplated by contracts of insurance; but if such business or occupation is not the only work that he has been trained to do, and not the only work upon which he must depend for a living, and the insured is physi-

cally and mentally able to engage in such other business or occupation, then the insured is not totally disabled.

The appellant testified that he was formerly engaged ■ "in the business of farming, cotton buyer, handling fertilizers and bought and sold truck"; that he became ill in 1936 and "practically quit" the performance of the aforementioned tasks towards the end of 1937. Appellant's condition was diagnosed by his attending physician and witness as angina pectoris. Had this been all the testimony on this issue the trial Judge would have been required to submit the case to the jury, but facts were developed which showed the appellant had originally been a bricklayer, was trained as a bricklayer, and at the time of the trial of the case, on June 15, 1939, and since March 8, 1939, was actively and regularly engaged as a bricklayer in the City of Charleston, working 140 hours a month. Although an issue of fact was created by the evidence as to the ability of appellant to perform or do substantially all material acts necessary to the prosecution of his farming, cotton buying, fertilizer and truck interests, this issue became academic by reason of appellant's active and regular pursuit of bricklaying, an avocation in which he was trained and could and did depend for a living.

There is present in the testimony a medical theory of ■ the total and permanent disability of appellant, but such evidence can have no potency when the undisputed evidence of the physical fact is that appellant was able, after he was alleged to be disabled, to perform work that he had been accustomed to perform. See *DuRant v. Aetna Life Ins. Co.,* 166 S. C., 367, 164 S. E., 881; *Stewart v. Pioneer Pyramid Life Ins. Co.,* 177 S. C., 132, 180 S. E., 889; *Ellis v. Kansas City Life Ins. Co.,* 187 S. C., 334, 197 S. E., 398.

The exceptions are overruled and the judgment of the lower Court affirmed.

MR. CHIEF JUSTICE BONHAM and MESSRS. JUSTICES BAKER and FISHBURNE concur.