15147

COTTON v. EQUITABLE LIFE ASSURANCE SOCIETY OF. UNITED STATES

(10 S. E. (2d), 909)

October, 1939.

*Messrs. Thomas, Cain & Black* and *McDonald, Macaulay & McDonald,* for appellant,

*Messrs. Hemphill & Hemphill,* for respondent,

October 10, 1940.

The opinion of the Court was delivered by MR. JUSTICE FISHBURNE.

The respondent obtained a judgment against the insurance company for $2,000.00 for total and permanent disability, upon a certificate issued to him on January 1, 1931, under a group policy held by Winnsboro Mills. He had been an employee of Winnsboro Mills continuously for a period of twenty-one years preceding his discharge, which became effective June 6, 1933.

The Circuit Court overruled a motion for a directed verdict based upon the ground that the only reasonable inference to be drawn from the testimony is that the insured was not totally and permanently disabled at any time while employed by the mills, or while the certificate was of force. In our opinion this motion should have been sustained.

The total and permanent disability claimed by the respondent developed while he was an overseer or foreman in the waste department of the mill. It was the duty of the respondent to accurately weigh the waste, keep the time of the Negroes working under him, and correctly record the weight and the numbers of the bales on the weight sheet.

Respondent bases his claim for total and permanent disability upon the ground that he suffered from pellagra,

which disabled him and that he became afflicted with this disease the latter part of June, 1932. In describing his symptoms he says that his hands were "all busted up", the skin between his fingers was red and broken out, and that he had eruptions, burning, and itching on face, neck, body and legs; his throat became sore, and he suffered from nervousness and headache, and his memory was not as good as it once was. The disease was more or less recurrent, and was worse in the spring and summer, and substantially disappeared during the winter. Respondent admits that he made mistakes in his work all along prior to the onset of the disease, but that commencing in April, 1933, these mistakes became more numerous, and so continued until June 6, 1933; that he was unable to work, and just kept "dragging along."

The errors made by the respondent in his work were corrected by the mill's cost accountant, and the only reasonable inference to be drawn from the evidence relating thereto is that these mistakes were corrected in the usual routine. Respondent testified that no dissatisfaction with his work was ever expressed by his superiors. Although he said that he was unable to work during the period of his claimed disability, he did, according to his own testimony, perform his accustomed duties continuously without losing a day or an hour. On May 20, 1933, the plaintiff received notice of his discharge, effective June 6th, and the evidence shows that he worked a total of fifty-five hours each week from April 15th to June 3d. The testimony for the appellant shows that the plaintiff's job was discontinued and merged with another department in order to curtail expenses.

In evidence is a letter from the plaintiff to the insurance company dated June 26, 1933, which in effect claimed disability benefits under the group policy. He received a letter in reply, advising him to communicate with Winnsboro Mills for any information he might desire. A few days

later he went to the office of the superintendent and inquired whether he would be given other work. He made no mention then of any physical or mental disability, but he says that he had previously told the superintendent that he had pellagra. Winnsboro Mills was unable to find other employment for him, and for some time thereafter the plaintiff was actively engaged as an agent selling trees and shrubbery. It was nearly six years after the plaintiff wrote the letter to the insurance company before he brought this action.

In our opinion, this case is ruled by *Hickman v. Aetna Life Insurance Company of Hartford, Conn.*, 166 S. C., 316, 164 S. E., 878; *Morgan v. Traveler's Insurance Company*, 172 S. C., 404, 174 S. E., 235; *Stewart v. Pioneer Pyramid Life Insurance Company*, 177 S. C., 132, 180 S. E., 889; *DuRant v. Aetna Life Insurance Company*, 166 S. C. 367, 164 S. E., 881, and *Owens v. Sovereign Camp, W. O. W.*, 174 S. C., 514, 178 S. E., 125.

These cases hold, in effect, that the opinion of a doctor that a plaintiff is totally and permanently disabled can have little or no probative value in the face of evidence of the physical fact that the plaintiff was able, after he was alleged to be disabled, to perform substantially the same sort of work he was accustomed to do. We see no reason for applying a different rule as to the opinion of a plaintiff with reference to his total and permanent disability. Respondent says that he was unable to do his accustomed work; that he made mistakes, and by reason of his physical and mental condition that he was totally and permanently disabled. But the undisputed fact remains that he did perform his duties, with no expressed dissatisfaction from his superiors, and that he not only worked as many hours as the mill was operated during his claimed disability, but when his position was discontinued he requested to be given other work in the mill.

Conceding that the plaintiff had the physical ailments that he claims he had, the only reasonable inference which in our opinion can be drawn from the evidence is that he was able to do, and did, the very class of work he was accustomed to do, in substantially his customary and usual manner, up to the very day he received notice of his discharge, and for two weeks thereafter.

The respondent cites and relies upon the cases of *Smith v. Prudential Insurance Company of America,* 174 S. C., 528, 178 S. E., 124; *Broome v. Travelers Insurance Company,* 183 S. C., 413, 191 S. E., 220, and *Thompson v. Aetna Life Insurance Company of Hartford, Conn.,* 177 S. C., 120, 180 S. E., 880. But a careful reading of these cases shows that the basic facts upon which total and permanent disability was claimed in those cases are substantially different from the facts in the case at bar. It is needless to point out the differentiation; an examination of those cases makes it apparent.

Other grounds of appeal are advanced by the appellant, but our disposition of the issue discussed renders it unnecessary to pass upon them.

The judgment of the lower Court is reversed, and the case remanded, with instruction to enter judgment for the defendant.

Mr. Chief Justice Bonham, Messrs. Justices Baker and Stukes and Mr. Acting Associate Justice L. D. Lide concur.