15301

LONG v. MUTUAL LIFE INS. CO. OF NEW YORK

(15 S. E. (2d), 761)

Spring Term, 1941.

Messrs. *Thomas, Cain & Black,* of Columbia, and *Messrs. Huff & Huff,* of Laurens, for appellant, with *Mr. Louis W. Dawson,* of New York City, of counsel,

Mr. *O. L. Long,* of Laurens, for respondent,

July 25, 1941.

The opinion of the Court was delivered by Mr. Associate Justice Baker.

The plaintiff, now the respondent, Gary W. Long, on June 26, 1926, purchased from the defendant, now the appellant, Mutual Life Insurance Company of New York, a contract of life insurance containing total and permanent disability provisions, providing payments, upon due proof of such disability, in the amount of $50.00 per month, increasing after sixty consecutive months to $75.00 per month, and after an additional series of sixty consecutive months payments were to be in the sum of $100.00 per month, then to continue for the duration of the disability.

On or about April 27, 1932, the respondent submitted proof of permanent and total disability to appellant, and payments were made to respondent by appellant in the sum of $50.00 per month for sixty consecutive months, at the end of which period the payments were increased to $75.00, these payments being made up to and including October 27, 1940. During this period of time the appellant, as required by the policy, waived the payment of premiums.

The refusal of appellant to continue the monthly benefits after October 27, 1940, and the further requirement of the payment of premiums by respondent, constitutes the basis of this suit.

The appellant in answer to the respondent's complaint asserts "that the insured is not now and has not been since the 27th day of October, 1940, so disabled by impairment of mind or body so as to render it impossible for him to follow a gainful occupation, * * * ."

At the trial of the cause the appellant made a motion for a nonsuit and, after deciding not to offer testimony, for a directed verdict, which motions were refused. The issue was submitted to the jury and a verdict returned in favor of respondent. Appellant's motion for a new trial was also refused by the presiding Judge.

Appellant's exceptions raise but one question for determination. Did the Court err in not holding, as a matter of

law, that the only reasonable inference to be drawn from the testimony is that respondent is not totally and permanently disabled?

Since 1919 respondent has been employed by Ruff Hardware Company, and during the period between 1919 and 1932 was engaged in both light and heavy work, principally in the farm implement department. Respondent performed the duties of a warehouse and implement man, which consisted of unloading cars, the setting up, demonstration and sale of farm implements, all of which is described as heavy work and satisfactorily performed by respondent. In 1928 respondent began to suffer from stomach trouble, which was diagnosed as an ulcer of the stomach. This condition grew worse throughout 1929, and in 1930 respondent was operated upon for duodenal ulcer. In 1931 respondent was twice treated for this condition in a hospital, and in January, 1932, he underwent another stomach operation, remaining in the hospital until March, 1932. In September, 1932, respondent went to the Columbia Hospital for another operation, to undo the gastro-enterostomy, but this operation was not successful and another one had to be performed. In October, 1934, he had to undergo another operation. In 1936, for a period of two months, he was treated in the Veterans Hospital in Columbia, and since then has been under the constant care of a physician. From April, 1932, to January 1, 1938, respondent did not perform any work, except "sit around," acting more or less in an advisory capacity, when he was not in a hospital or in bed at home. In 1938, his employer again started paying him a regular salary of one-half the amount he had been receiving up to April, 1932. He did not return to his former job but was given, and is now performing, "light work, marking up goods from the invoice, figuring out prices, making out price lists, advising the clerks, any light work around the office that doesn't take any physical labor." According to respondent and his employer he is on the job about three-fourths of the day, and very often he cannot attend to his duties at all. Frequently he has to lie

down suffering from severe headaches and pain and cannot undertake any physical exertion.

Appellant very frankly states in its printed brief: "In presenting our argument, we shall have regard to these principles: (1) 'If the insured is unable to perform all of the material acts necessary to the prosecution of the insured's business or occupation, in substantially his customary and usual manner, and such business or occupation is the only work that he has been trained to do, and upon which he must depend for a living, then the insured is totally disabled as contemplated by contracts of insurance.' *Kizer v. Sovereign Camp, W. O. W.*, 192 S. C., 465, 7 S. E. (2d), 220. (2) What amounts to a total disability is a relative matter and depends largely upon the occupation and employment in which the person insured is engaged. *Owens v. Sovereign Camp, W. O. W.*, 174 S. C., 514, 178 S. E., 125, 126. (3) Where a business or occupation of an insured is not the only work that he has been trained to do and not the only work upon which he must depend for a living, and he is physically and mentally able to engage in such other business, then the insured is not totally disabled. *Kizer v. Sovereign Camp, W. O. W.*, 192 S. C., 465, 7 S. E. (2d), 220. (4) Where the only reasonable inference to be drawn from the testimony is that an insured is not totally and permanently disabled, his recovery is precluded as a matter of law. *Cotton v. Equitable [Life Assur. Soc.]*, 195 S. C., 194, 10 S. E. (2d), 909."

Following the above statement of the law, as recognized by appellant, it is further stated: "It cannot fairly be denied that respondent suffers from a condition that causes him frequent pain, interrupts the performance of his work and limits his activities. No attempt will be made to challenge those facts, amply established by the record, but this appeal is predicated upon the proposition that respondent by training was not dependent for a livelihood solely upon the performance of the duties of an implement man, but his training, knowledge of and abilities in connection with the light

hardware business, give him, in effect, a second and allied occupation upon which he can and does rely, and for which he is compensated at the rate of $1,300.00 per annum, and hence he is not totally and permanently disabled under the sound principle of the decision in the *Kizer case.*"

The question on appeal now appears in sharper outline. May an insured, prevented by physical disability from performing the heavy, weighty or arduous duties of his occupation, recover disability benefits when for substantial remuneration he utilizes the knowledge, experience and training derived from his association with his occupation? The criterion upon which to base an answer for this question is replete with difficulty as the facts of each case will determine the correct answer, but, it may be said, the question, in the general sense, should receive a reply in the negative. Financial return is not, standing alone, the test for total and permanent disability. Insurance benefits are not intended to guarantee that the insured will be the recipient of the same amount, or substantially the same amount, of wages, salary, or financial return. Financial return may be treated as one of the elements when considered in conjunction with the amount of time the insured is physically able to give to his work. In addition to the elements of time and financial return the insured's efficiency, determined by his physical or mental ability, as the case may be, also has to be considered. In the final analysis the criterion is whether or not the insured is able to conduct or prosecute his business or occupation in substantially the usual and customary manner.

The appellant did not offer or introduce any testimony and its exceptions are based upon the refusal of the trial Judge to grant its motions for a nonsuit, directed verdict and new trial. Therefore, the testimony has to be construed in the light most favorable to respondent. We think the trial Judge was correct in his refusal to grant any of appellant's three motions. Although respondent was performing "light work" for remuneration, nevertheless his

performance of this work, according to the evidence, was not in substantially the usual and customary manner. In fact, Mr. J. M. Anderson, a witness for respondent, and president of Ruff Hardware Company, the employer of respondent, in reply to the question, "If he (respondent) had not had a former connection with your business, would you employ him," stated: "No, sir, I wouldn't. Because, simply for the fact he grew up with the business for the last twenty years, he knew a good deal about it, he has been able to help us in an advisory way a good deal."

The facts of this case are decidedly different from the facts in *Kizer v. Sovereign Camp, W. O. W., supra.* The distinction becomes apparent in reading the following portion of the Kizer opinion (192 S. C., 465, 7 S. E. (2d), 221) : " * * * Although an issue of fact was created by the evidence as to the ability of appellant to perform or do substantially all material acts necessary to the prosecution of his farming, cotton buying, fertilizer and truck interests, this issue became academic by reason of appellant's active and regular pursuit of bricklaying, an avocation in which he was trained and could and did depend for a living."

The exceptions are overruled and the judgment of the lower Court affirmed.

Mr. Chief Justice Bonham, Messrs. Justices Fishburne and Stukes and Mr. Acting Associate Justice L. D. Lide concur.