29429. MUTUAL LIFE INSURANCE COMPANY *v.* OLLIFF.

DECIDED JULY 16, 1942.   REHEARING DENIED JULY 28, 1942.

848

*Abrahams, Bouhan, Atkinson & Lawrence,* for plaintiff in error.
*Highsmith & Highsmith,* contra.

STEPHENS, P. J.   (After stating the foregoing facts.)

■ ·There was evidence that the plaintiff, who was a farmer, could drive an automobile and walk over his fields, and inferentially superintend the farm work, but that he could not plow and do other similar heavy duties on the farm which he did before he

became disabled. It has been held that a farmer may be totally disabled, although after his disability he is able to direct his business and do some of the farm work himself. Taylor *v.* Southern States Life Insurance Co., 106 S. C. 356 (91 S. E. 326, L. R. A. 1917C 210); Fogelsong *v.* Modern Brotherhood, 121 Mo. App. 548 (97 S. W. 240), followed, on appeal, 129 Mo. App. 655 (108 S. W. 1199); Beach *v.* Supreme Tent, 177 N. Y. 100 (69 N. E. 281).

■ The court charged the jury as follows: "If you should find in this case that the plaintiff is incapacitated from performing any substantial part of his ordinary duties, a case of total disability is presented, although he is still able to perform some parts of his work. So the phrase 'total disability' as used in the policy in issue means inability to do substantially all of the material acts necessary to the transaction of the insured's business or occupation in substantially his customary and usual manner." Error is assigned on this charge on the ground that the court did not confine the definition of "total disability" to the limitations stated in the policy.

The policy provides that a total disability insured against is where the insured "has become totally and permanently disabled by bodily injury or disease, so that he is and will be permanently, continuously, and wholly prevented thereby from performing any work for compensation, gain, or profit, and from following any gainful occupation." This excerpt from the charge is assigned as error in that the court did not further charge the jury as respects total disability in the above language of the policy, and that the failure to so charge was error and a denial to the defendant of the equal protection of the law under a specifically pointed out provision of the constitution of this State which provides that the protection of persons and property is the paramount duty of government and shall be impartial and complete, and that also such failure to charge was a denial to the defendant of the equal protection of the law under a specially pointed out provision of the constitution of the United States which provides as stated: "Nor shall any State deprive any person of life, liberty, or property without due process of law nor deny any person within its jurisdiction the equal protection of the law."

The Supreme Court, in *Cato* v. *Ætna Life Insurance Co.*, supra,

*Prudential Insurance Co.* v. *South,* 179 *Ga.* 653 (177 S. E. 499), and other cases has given a construction to disability clauses in policies substantially like the clause in the policy here referred to. In the *Cato* case the disability clause, while not in the exact language of that now under consideration, was substantially to the same effect. In that case the policy provided that total disability would exist where the insured was prevented "from pursuing any occupation for wages or profit." In the *Cato* case the Supreme Court, in construing the total-disability provision in the policy under consideration there, held: "When the insured is incapacitated from performing any substantial part of his ordinary duties, a case of total disability is presented, although he is still able to perform some parts of his work. Total disability is inability to do substantially all of the material acts necessary to the transaction of the insured's occupation, in substantially his customary and usual manner." Since the Supreme Court in the *Cato* case has defined total disability as above indicated, it was not error for the court in giving this definition in charge to fail to go further and quote the provision of the policy containing the definition of total disability. In charging as it did the court denied the defendant no right given it under the constitution of this State or the constitution of the United States, and did not deny it the equal protection of the laws or deprive it of due process of law.

There was no error in the charge for any reason assigned. Moreover, it appears that the court actually charged, elsewhere, the provisions of the policy defining total disability.

The evidence supported the verdict, and no error appears.

*Judgment affirmed. Sutton, J., concurs.*

FELTON, J., dissenting. I do not think that the evidence as a whole authorized a finding of total disability under the terms of the policy and the decisions of our courts defining it.