16205

COX v. BOARD OF COM'RS OF POLICE INS. & ANNUITY FUND
OF STATE OF SOUTH CAROLINA
(52 S. E. (2d) 787)

*Messrs. John W. Crews and Heyward Brockinton,* of Columbia *for Appellant,*

*Messrs. Williams & Henry* and *Pricc & Poag,* all of Greenville, *for Respondent,*

April 4, 1949.

TAYLOR, Justice.

This appeal comes to this Court from the Court of Common Pleas of Greenville County where respondent instituted an action against the Board of Commissioners of the Police Insurance and Annuity Fund of the State of South Carolina, alleging that he was duly qualified and eligible for benefits under the Police Insurance and Annuity Act of South Carolina.

Defendant by its answer admitted that respondent was a qualified Peace Officer and as such comes within the provisions of the Act but denied that plaintiff is totally and permanently disabled as defined by the Act.

Upon the trial of the cause appellant made timely motions for a nonsuit and directed verdict which were refused and the case submitted to the jury which found in favor of the plaintiff for the total and permanent disability benefits as demanded in the complaint. A motion for a new trial having been made and refused, defendant-appellant now appeals to this court upon exceptions which pose the question of whether or not his honor committed error of law in refusing appellant's motions for a nonsuit and directed verdict or for a new trial.

For approximately twelve years prior to 1935 respondent was a textile worker. On October 23, 1935, he became an employee of the Greenville City Police Force and continued as such until August 26, 1947 when he has alleged to have become totally and permanently disabled from performing the duties of such office as a result of a stroke on January 9th, 1946, resulting in facial paralysis, and a heart attack in August, 1947.

Three reputable physicians testified to the effect that respondent is suffering from the effects of a stroke of paralysis and a heart attack and that these afflictions combine to

produce a condition described by them as chronic anxiety neurosis which render him totally and permanently disabled from performing the duties of a Peace Officer.

Appellant produced testimony to the effect that while respondent is suffering from paralysis of the left side of his face, a rather severe anxiety state, is highly nervous and excitable and has a systolic murmer of the heart he is not totally and permanently disabled within the meaning and provisions of the Act. A close examination of the testimony convinces us that it is sufficient to raise a question of fact for the jury to pass upon and that the trial judge was correct in refusing the motions for a nonsuit, a directed verdict or for a new trial in the alternative.

Appellant bases its main contention upon the fact that from January 14, 1948, to May 18, 1948, respondent had worked at the Virginia Hotel in the city of Greenville as manager and received for his services the sum of approximately $672.40 and that he continued to work as a Peace Officer from the time of his affliction on January 9, 1946, except for the last four weeks after his attack, to August 27, 1947. Considering this in the light of the other evidence we find that respondent is possessed of only a six grade education and at the time of the trial was approximately 47 years of age. All of his adult work was as a textile employee or a police officer. The term hotel manager appears to have been used here in its loosest sense as respondent apparently performed none of the duties ordinarily imposed upon the manager of a hotel. He bought no supplies, foods or accessories, handled no money, was not responsible for deposits or issuance of checks, and had no special training or skills which would qualify him as a hotel manager. His duties consisted mainly of keeping order and directing the maids and bell boys.

The testimony further shows that his condition became and will continue to become progressively worse.

Appellant earnestly contends that respondent comes within the rule as announced in *Moyle v. Mutual Life Insurance Co. of New York,* 201 S. C. 146, 21 S. E. (2d) 561, 566 and *Kiser v. Sovereign Camp W. O. W.,* 192 S. E. 465, 7 S. E. (2d) 220, but we are unable to agree with this contention as his work at the Virginia Hotel was of a temporary nature, as the following testimony will show:

"Q. Are you able to do any sort of work, any manual work, anything of that description, Mr. Cox? A. No, sir.

"Q. What sort of work are you doing? A. At the present time, I am working at the Virginia Hotel, Acting Manager of the hotel. The manager of the hotel is out sick—this job is not permanent—if he comes back tomorrow, I lose the job tomorrow.

"Q. How did you happen to get the job? A. Because I have been living there about four years at this hotel—just his goodness, he gave me a job because I was out of work and had no money and no means to live.

"Q. You say you are temporary manager of the Virginia Hotel? A. Yes, sir.

"Q. Do your duties there require you to exert yourself? A. No, sir; I sit around all the time.

"Q. What do you do? A. I sit around most of the time and I have three clerks, I supervise those three clerks, and the maids and the bell boys. In the afternoons, I go, around one o'clock, and go to bed and stay until about a quarter to four in the afternoon to rest."

This court is of the opinion that all exceptions should be dismissed and the judgment of the lower court affirmed, and it is so ordered.

BAKER, C. J., and FISHBURNE, STUKES and OXNER, JJ., concur.